385 A.2d 976

**COMMONWEALTH of Pennsylvania**

**v.**

**Donald M. RIVIERA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 16, 1977.

Decided April 13, 1978.

Eugene R. Campbell, York, for appellant.

Donald L. Reihart, District Attorney, York, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The instant appeal arises from judgments of sentence imposed on appellant, following a plea of guilty, for aggravated assault, robbery and theft. On appeal appellant contends that the court below improperly denied his motion to dismiss these charges pursuant to Pa.R.Crim.P., Rule 1100. Appellant also maintains that the sentences imposed, although within statutory limits, were punishment too severe for the crimes appellant committed. The relevant facts are as follows.

On February 6, 1975, complaints were filed against appellant charging him with the aforementioned offenses. Subsequently, upon appellant's petition, the court stayed proceedings, pending a report by the Sanity Commission on appellant's competence to stand trial.[1] Thereafter, other occurrences conspired, despite the due diligence of the district attorney's office, in preventing appellant's trial from taking place prior to August 6, 1975, one hundred eighty days from the filing of the complaints. Recognizing that trial would not timely occur, on July 29, 1975, the Commonwealth filed a petition for an extension of time pursuant to Rule 1100(c) which was granted.

On September 5, 1975, the parties again appeared before the court, at which time appellant filed his motion to dismiss. Upon denial of the motion by the court, appellant's counsel advised the court that appellant had reached a plea agreement with the Commonwealth. The court received and accepted appellant's guilty plea and, on November 3, 1975, imposed sentence of one to two years for theft and three to six years for aggravated assault and robbery. The sentences were to run consecutively.

Appellant's first argument, that his motion to dismiss was erroneously denied, relates to his contention that the court should not have granted the Commonwealth's petition for an extension. We have concluded, however, that this issue is not now reviewable.[2] Numerous Pennsylvania appellate decisions have repeatedly held that a plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. See, e. g., *Commonwealth v. Rice,* 456 Pa. 90,

1. Appellant had also been charged with a criminal homicide.

2. Specifically, appellant complains that the Commonwealth failed to exercise due diligence in not arranging an earlier preliminary hearing so that trial could have commenced during the May session of criminal court, and that the trial court erred in granting the extension due to an overcrowded court schedule. Although we do not reach the merits of these allegations in this particular appeal we note that both issues have been decided previously in other appeals before this court. See, *Commonwealth v. Reese,* 237 Pa.Super. 326, 352 A.2d 143 (1976) and *Commonwealth v. Zirkle,* 251 Pa.Super. 214, 380 A.2d 454 (1977).

318 A.2d 705 (1974); *Commonwealth v. Tolbert,* 450 Pa. 149, 299 A.2d 252 (1973); *Commonwealth v. Diaz,* 235 Pa.Super. 352, 340 A.2d 559 (1975). Furthermore, by entering his plea of guilty at trial while represented by counsel, appellant limited the legally cognizable issues on appeal to those which affect either the voluntariness of his guilty plea or the legality of his sentence.[3] *Commonwealth v. McNeill,* 453 Pa. 102, 103, 305 A.2d 51 (1973); *Commonwealth v. Person,* 450 Pa. 1, 297 A.2d 460 (1972); *Commonwealth v. Zanine,* 444 Pa. 361, 282 A.2d 367 (1971). "Rule 1100, like the right to a speedy trial which it protects, may be waived." *Commonwealth v. Myrick,* 468 Pa. 155, 360 A.2d 598 (1976).

In any event, the claimed irregularity in proceedings prior to a plea of guilty, an alleged violation of Rule 1100, would be reviewable only to the extent that it affected the voluntary character of the plea itself. Therefore, even though a violation of Rule 1100 is ordinarily reversible error, the appellant, after a guilty plea, must show that its violation had some effect upon the voluntariness of his guilty plea, or that defect is waived. See *Commonwealth v. Rice,* 456 Pa. at 93 n.3, 318 A.2d 705; *Commonwealth ex rel. Kerekes v. Maroney,* 423 Pa. 337, 341 n.2, 223 A.2d 699 (1966); *Commonwealth v. Bowman,* 228 Pa.Super. 342, 344 n.3, 325 A.2d 818 (1974). It is significant in this regard that in the instant appeal no attack is made, directly or indirectly, on the voluntariness of appellant's guilty pleas. In a recent decision, the Pennsylvania Supreme Court (per Justice Pomeroy) held that where a defendant who pleaded guilty raised neither the legality of sentence nor voluntariness of his plea on appeal, and did not make any attempt to relate the delay in commencement of his new trial under Rule 1100 to the validity of his plea, his sentence would be affirmed. *Commonwealth v. Bunch,* 466 Pa. 22, 351 A.2d 284 (1976).

**3.** Included in the legality of sentence category is the jurisdiction of the sentencing court. See, e. g., *Commonwealth v. Greer,* 457 Pa. 646, 326 A.2d 338 (1975); *Commonwealth v. Little,* 455 Pa. 163, 314 A.2d 270 (1974). A Rule 1100 claim does *not* affect the hearing court's jurisdiction. Cf. *Commonwealth v. Bennett,* 236 Pa.Super. 509, 345 A.2d 754 (1975).

■ We now turn to appellant's remaining issues relating to imposition of sentences. After receiving a pre-sentence investigation, a sentencing hearing was conducted on November 3, 1975. At its conclusion, the Court imposed the aforementioned prison sentences. Appellant contends that these sentences, although well within the statutory limits, imposed far too harsh a punishment and, therefore, constituted an abuse of the sentencing judge's discretion. In addition, appellant argues that the court erred in considering his juvenile record for the purpose of sentencing. Both contentions are without merit. The factual basis of these charges were related to the judge during appellant's guilty plea colloquy of September 5, 1975. Appellant argues that the amount of money taken was minimal, that the assault was partially provoked by the victim herself, and therefore the punishment imposed was too severe. The sentencing judge considered these facts and concluded the sentences imposed were moderate for the type of serious street crime involved. The court noted that appellant, with his accomplice, grabbed one female victim, robbed her of one dollar and cut her severely enough that she required some 72 stitches. Under the circumstances of this case, the sentences imposed were not manifestly excessive. See *Commonwealth v. Straw,* 238 Pa.Super. 535, 361 A.2d 427 (1976); *Commonwealth v. Wrona,* 442 Pa. 201, 275 A.2d 78 (1971).

■ Finally, the sentencing judge refutes the allegation that appellant's prior juvenile record, containing a negative evaluation, was considered as a factor influencing the imposition of sentence. Moreover, in *Commonwealth ex rel. Hendrickson v. Meyers,* 182 Pa.Super. 169, 126 A.2d 485 (1956), this court held that a sentencing judge may consider the prior juvenile record of a defendant when imposing sentence.

Accordingly, judgments of sentence are affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, J., concurs in the result.