399 A.2d 1118

COMMONWEALTH of Pennsylvania, Appellant,

v.

Barbara HERSTINE.

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided March 16, 1979.

416

James A. Cunningham, Assistant District Attorney, Norristown, for Commonwealth, appellant.

Douglas M. Johnson, Assistant Public Defender, Norristown, for appellee.

Before CERCONE, SPAETH and LIPEZ, JJ.

LIPEZ, Judge:

This is an appeal by the Commonwealth from the grant of defendant's motion in arrest of judgment. A written complaint had been filed on June 27, 1977, against the defendant charging her with retail theft, second offense. The information filed on September 9, 1977, failed to mention second offense. Before trial the Commonwealth requested and was granted leave to amend its information to include second offense in the description of the crime. In a jury trial the defendant was convicted of the amended charge. The defendant then filed motions for a new trial and in arrest of judgment. The latter was granted. For the reasons which follow, we affirm.

It is well settled that in order to impose enlarged sentences under a recidivist statute, the indictment must contain averments of prior convictions. *Com. v. Moses,* 441 Pa. 145, 271 A.2d 339 (1970). *Com. v. Koczwara,* 188 Pa.Super. 153, 146 A.2d 306 (1958), affd. 397 Pa. 575, 155 A.2d 825 (1959). Since a second offense carries a greater penalty than a first offense, it "is different in kind and character from a first offense." *Com. v. Ciccarelli,* 42 D & C 643 (1941).[1] Hence, an indictment must plead the peculiar characteristics which distinguished it from a first offense. *Ciccarelli, supra,* p. 647. See also *Com. v. Reed,* 103 Montg.Co. L.R. 255 (1977).

Pa.R.Crim.P. Rule 225 provides for the preparation and filing of an information by the attorney for the Commonwealth in those counties where the indicting grand jury has been abolished. The requirements as to content and form

---

1. *Ciccarelli* is cited in *Moses, supra.*

are identical to the indictment requirements. *See* Pa.R. Crim.P. 213. The Rules further provide for amendments to indictments, Rule 220, and informations, Rule 229, in identical terms. Thus Rule 229 provides:

The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

We think it is apparent that the rule contemplates amendments of formal defects, and not substantive matters,[2] as indicated by the language "provided the information as amended does not charge an additional or different offense." *See* 42 C.J.S. Indictments and Information § 240 n. 39. Since we conclude the pleading of second offense in the amended information charges a different offense, a substantive matter, the allowance of the amendment was improvident.

The Commonwealth seems to argue that the language of 19 P.S. § 871 allows dismissal of the charges only where a challenge to sufficiency of the evidence is sustained; that inasmuch as the challenge here was with respect to an error by the court in allowing the Commonwealth to amend the information, it should have granted a new trial and not dismiss the charges; or if the remedy was not the grant of a new trial, the trial judge should have quashed the information with leave to the Commonwealth to file a new information.

19 P.S., § 871, provides as follows:—

"Motion on ground of insufficiency of evidence."

---

**2.** A substantive amendment is one that changes the nature or grade of the offense charged. *State v. Larrabee*, Me., 377 A.2d 463, 465 (1977). "It is well settled that an indictment cannot be amended in a substantial or material way so as to broaden or change the charge . . . *Com. v. Jones*, 250 Pa.Super. 471, 378 A.2d 1245 (1977).

"Hereafter in all criminal prosecution in this Commonwealth in which the jury shall have rendered a verdict against the defendant the defendant may, in addition to making a motion in arrest of judgment on the grounds that there is error appearing on the face of the record, may make a motion in arrest of judgment on the grounds that the evidence was insufficient to sustain the charge, and if the court, after consideration of the entire record, shall decide that there is not sufficient evidence to sustain the conviction, it shall forthwith discharge the defendant and dismiss the case. 1951, June 15, P.L. 585, § 1."

The Commonwealth not only misreads the statute, but fails to comprehend the nature and effect of the motion in arrest of judgment. It had a well-defined meaning at common law. As the United States Supreme Court stated in *U. S. v. Sisson,* 399 U.S. 267, 280, 90 S.Ct. 2117, 2125, 26 L.Ed.2d 608, 619 (1970).

"An arrest of judgment was the technical term describing the act of a trial judge refusing to enter judgment on the verdict, because of an error appearing on the face of the record that rendered the judgment invalid. 3 W. Blackstone Commentaries 393: 3 H. Steven New Commentaries on the Laws of England, 628 (First Am.Ed. 1845) 2 J. Bishop New Criminal Procedure § 1285 per N, 2nd Ed. 1913)."

Sadler's "Criminal Procedure in Pennsylvania," Second Edition § 604 similarly defines it as "the act of staying a judgment or refusing to enter it after a verdict of guilty for some matter appearing on the face of the record which would render the judgment erroneous if entered."

The record consisted only of "the indictment, the plea and issue and verdict." *Commonwealth v. Jackson,* 223 Pa.Super. 497, 302 A.2d 420 (1973). The motion could not be based on the evidence offered at the trial. *U. S. v. Sisson,* supra; *Commonwealth v. Heller,* 147 Pa.Super. 68, 24 A.2d 460 (1942). Therefore, when the legislature for the first time passed an act relating to a motion in arrest of judgment it clearly took cognizance of the fact there was then in exist-

ence the motion in arrest of judgment and simply added the insufficiency of evidence as an additional ground. *See Commonwealth v. Jackson,* supra n. 3.

The defendant's motion for arrest of judgment on the basis of the record error was proper. The appropriate remedy is discharge. *Commonwealth v. Dale,* 232 Pa.Super. 213, 335 A.2d 454 (1975).

Affirmed.