410 A.2d 368

**COMMONWEALTH of Pennsylvania**

v.

**Angeline LONGO, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided Aug. 31, 1979.

George B. Ditter, Assistant Public Defender, Norristown, for appellant.

James A. Cunningham, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CERCONE, SPAETH and LIPEZ, JJ.

LIPEZ, Judge:

Appellant was sentenced to six months' to two years' imprisonment after pleading guilty to an Information that charged Retail Theft. On this appeal, she challenges the legality of the sentence. We vacate the judgment of sentence and remand for resentencing.

The Information on which appellant was sentenced stated the offense as Retail Theft. It gave no indication that this was, in fact, appellant's third offense. The Information as drawn was regular on its face and in no wise defective. In the course of the guilty plea colloquy, defense counsel told appellant, on the record, that this was her third offense, and that, as a third degree felony, a conviction carried with it a maximum fine of $15,000 and a maximum prison term of seven years.

■ Retail Theft[1] is an offense "different in kind and character from" Retail Theft, Third Offense.[2] *Commonwealth v. Herstine*, 264 Pa.Super. 414, 399 A.2d 1118 (1979); *see Commonwealth v. Moses*, 441 Pa. 145, 271 A.2d 339 (1970). It is a constitutional principle that a defendant "cannot be convicted of an offense which is not the accusation made against him or any constituent thereof." *Com-*

1. 18 Pa.C.S. § 3929(b)(1)(I).

2. 18 Pa.C.S. § 3929(b)(1)(IV).

monwealth v. Komatowski, 347 Pa. 445, 453, 32 A.2d 905, 909 (1943). "Central to the plea and foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment." *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

■ Since the information in the instant case charged only Retail Theft, a summary offense, the maximum possible sentence was ninety days. 18 Pa.C.S. § 1105. Hence the imposition of a six months to two year sentence (which would have been within legal limits for Retail Theft, third offense, 18 Pa.C.S. § 1103(3)) was improper. Statements made during the colloquy cannot change the offense charged in the Information and are therefore irrelevant to the issue of legality of appellant's sentence.

The court below and the Commonwealth maintain that the issue is whether appellant has, by pleading guilty, waived any challenge to alleged defects on the face of the information. The problem, however, is not one of waiver of defects. As pointed out above, the Information to which appellant pleaded guilty was regular on its face. The question was one of legality of sentence. Such an issue may not be waived, and was thus properly before us on this appeal. *Commonwealth v. Greer,* 457 Pa. 646, 647, 326 A.2d 338, 339 (1974).

Judgment of sentence vacated and case remanded for resentencing.

SPAETH, J., files a concurring opinion.

SPAETH, Judge, concurring:

I agree with the result reached by the majority, but I suggest that it may be more helpful to state the issue in terms of subject matter jurisdiction, rather than legality of sentence.

Before appellant pleaded guilty, the following colloquy occurred between her and her attorney:

Q. Miss Longo, the charge you have been charged with, Retail Theft, as I have stated, now, this is your third

offense for Retail Theft. The grading of the crimes is a third degree felony. Do you understand that?

A. Yes.

Q. And that it carries with it a maximum penalty of seven (7) years in jail and a $15,000 fine. Do you understand that?

A. Yes.

N.T. 12, June 21, 1977

A plea of guilty constitutes a waiver of all nonjurisdictional defects. *See Commonwealth v. Riviera,* 254 Pa.Super. 196, 385 A.2d 976 (1978); *Commonwealth v. Garrett,* 425 Pa. 594, 597, 229 A.2d 922, 924 (1967). However, "[a]n objection to lack of subject-matter jurisdiction can never be waived." *Commonwealth v. Little,* 455 Pa. 163, 167, 314 A.2d 270, 272 (1974). For a Court of Common Pleas to have such jurisdiction, "it is necessary that the Commonwealth confront the defendant with a formal and specific accusation of the crimes charged." 455 Pa. at 168, 314 A.2d at 273. Here, the lower court had no jurisdiction to entertain appellant's plea to retail theft as a third offense, or to sentence her for that offense, because, as the majority says, she was never charged with it, the information instead only charging retail theft without reference to any prior offenses.