433 A.2d 36

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Murphy B. COLEMAN.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 1981.

Filed July 24, 1981.

Petition for Allowance of Appeal Denied Dec. 21, 1981.

224

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellant.

John H. Corbett, Jr., Pittsburgh, for appellee.

Before BROSKY, DiSALLE and SHERTZ, JJ.

BROSKY, Judge:

Appellee was charged with Retail Theft, Third Offense,[1] in violation of 18 Pa.C.S. § 3929(a)(1) and (b)(1)(IV).[2]

1. Appellee was also charged with and convicted of receiving stolen property in violation of 18 Pa. C.S. § 3925, which conviction is not the subject of the instant appeal.

2. Act of December 6, 1972, P.L. 1482, No. 334, § 1, as amended December 2, 1976, P.L. 1230, No. 272, 18 Pa. C.S. § 3929(a)(1) (Supp. 1979–80).

Before trial, the court heard arguments concerning the admissibility of evidence of appellee's two prior convictions for retail theft. Following the court's decision to allow the evidence, defense counsel agreed to a stipulation concerning the two prior convictions, which was read to the jury.[3] Thereafter, the prosecutor, during his opening remarks to the jury, stated that he intended to prove as part of his case appellee's two prior convictions. Defense counsel objected to this statement and moved for a mistrial, which was denied. Following conviction, defense counsel filed and argued post-trial motions in arrest of judgment and for a new trial, which were denied. On the date set for sentencing, the court reconsidered the motions and vacated its order denying the motions. It entered a new order denying the motion in arrest of judgment but granting the motion for a new trial.

The central issue for our determination is whether it was proper for the Commonwealth to refer to appellee's prior convictions in addressing the jury. The court below held that evidence concerning prior convictions is relevant for purposes of sentencing only, and that its introduction during the trial was prejudicial to appellee. We agree.

The Commonwealth contends that appellee's prior convictions were properly introduced at trial as an element of the offense charged, reasoning as follows: An "element of an offense" as defined by 18 Pa. C.S. § 103, includes "conduct . . . establishing jurisdiction." The grading subsection of the retail theft statute states that a third or subsequent offense of retail theft constitutes a felony of the third degree. Since Courts of Common Pleas have jurisdiction over felony offenses, introduction of evidence of prior offenses, as "conduct establishing jurisdiction," constitutes an

---

**3.** Although appellee does not object, on appeal, to the effect of the stipulation upon the jury, or argue that no such stipulation should have been entered into, it is our opinion that such stipulation should not have been read to the jury at all, since its prejudicial effect outweighs any probative value it may have. The stipulation was not necessary to establish the jurisdiction of the court. See discussion, infra at page six.

"element of the offense." Since the Commonwealth has the burden of proving every element of an offense beyond a reasonable doubt, prior convictions, as an element of the offense of Retail Theft, Third Offense, must also be proven beyond a reasonable doubt. Therefore, it concludes, its introduction of appellee's prior convictions was proper here.

The statute reads, in relevant part:

§ 3929. Retail theft

(a) Offense defined.—A person is guilty of a retail theft if he:

(1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof;

(2) alters, transfers or removes any label, price tag marking, indicia of value or any other markings which aid in determining value affixed to any merchandise displayed, held, stored or offered for sale in a store or other retail mercantile establishment and attempts to purchase such merchandise personally or in consort with another at less than the full retail value with the intention of depriving the merchant of the full retail value of such merchandise;

(3) transfers any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment from the container in or on which the same shall be displayed to any other container with intent to deprive the merchant of all or some part of the full retail value thereof; or

(4) under-rings with the intention of depriving the merchant of the full retail value of the merchandise.

(b) Grading.—

(1) Retail theft constitutes A:

(I) Summary offense when the offense is a first offense and the value of the merchandise is less than $150.

(II) Misdemeanor of the second degree when the offense is a second offense and the value of the merchandise is less than $150.

(III) Misdemeanor of the first degree when the offense is a first or second offense and the value of the merchandise is $150 or more.

(IV) Felony of the third degree when the offense is a third or subsequent offense, regardless of the value of the merchandise.

(2) Amounts involved in retail thefts committed pursuant to one scheme or course of conduct, whether from the same store or retail mercantile establishment or several stores or retail mercantile establishments, may be aggregated in determining the grade of the offense.

(c) Presumptions.—

 . . . . .

 Since we have not had occasion in the past to definitively construe its provisions, we look for guidance to certain fundamental principles of statutory construction: first, that the legislature is not presumed to have intended an absurd or unreasonable result; second, that good sense and practical utility are always to be considered; and, third, that statutes should receive the most reasonable and sensible construction possible. *Schaefer v. Hilton*, 473 Pa. 237, 244, 373 A.2d 1350, 1353 (1977); *Commonwealth v. Allied Building Credits, Inc.*, 385 Pa. 370, 379, 123 A.2d 686, 692 (1956); *Yeager v. Unemployment Compensation Board of Review*, 196 Pa.Super. 162, 173, 173 A.2d 802, 807 (1961); *Orlosky v. Haskell*, 304 Pa. 57, 66, 155 A. 112, 115 (1931).

 The legislative history is sparse here. It appears, however, that the legislature intended that the definition of the offense be considered separately from its grading; hence its division into subsections (a) and (b), respectively. The essential, operative elements of the offense are contained in subsection (a): the taking, carrying away, or transference

of, merchandise displayed, held, stored, or offered for sale by a retail mercantile establishment without paying the full retail value thereof, with the intention of depriving the merchant of the possession, use, or benefit of such merchandise. To establish the offense, therefore, the Commonwealth must prove these elements beyond a reasonable doubt. The fact that the defendant has already been convicted of retail theft in the past does not serve to establish any of the above elements. Therefore, we disagree with the Commonwealth's basic premise that prior convictions constitute a substantive element of the offense. Here, the record shows that police officers found appellee, in the Hill District section of Pittsburgh, carrying a coat with a Gimbels' tag on it, verified by Gimbels' security officers as having been one of a group of coats taken and carried away from a storeroom in its downtown store. The jury, upon hearing these facts found the operative elements as outlined above, to have been satisfied, and returned a verdict of guilty. That appellee had been convicted of two prior offenses of retail theft was not relevant to the jury's determination of whether appellee had in fact taken, carried away, transferred or caused to be carried away or transferred, the coat from Gimbels, without paying its full retail value and with the intention of depriving Gimbels of its possession, use or benefit.

It seems clear to us that had the legislature intended to make the grading of the offense one of its substantive or operative elements, it would not have divided the definition of the offense and the grading of the offense into distinct and separately labeled subsections. Any other construction, particularly the one proposed by the Commonwealth here, would be strained and unreasonable.

The Commonwealth cites as support for its proposition our opinion in *Commonwealth v. Longo*, 269 Pa.Super. 502, 410 A.2d 368 (1979) wherein we stated that "Retail Theft is an offense different *in kind and character* from Retail Theft, Third Offense." Id., 269 Pa.Super. at 503, 410 A.2d at 369. (Emphasis added). In *Longo* we held that because appellant was indicted for Retail Theft, she could not be convicted of Retail Theft, Third Offense, since she

had not been placed on notice as to the gravity of the offense for which she was being charged, and therefore of the potential sentence she could incur as a result. We do not disagree that the indictment must contain the information that there have been prior offenses, not only to put the defendant on notice that he is being charged with a felony and may be thus sentenced accordingly, but also to establish jurisdiction of the Common Pleas Court. See *Commonwealth v. Longo*, supra; *Commonwealth v. Campbell*, 273 Pa.Super. 405, 417 A.2d 712 (1980); *Commonwealth v. Herstine*, 264 Pa.Super. 414, 399 A.2d 1118 (1979). However, we do not agree that the proposition enunciated in *Longo*, supra, may be used here to support the Commonwealth's argument. Regardless of the number of times a person is convicted of retail theft, the operative elements of the crime that must be proved remain the same. We agree with appellee's assertion that the only real difference between "Retail Theft" and "Retail Theft, Third Offense" is in the possible sentence which may be imposed upon conviction of the basic substantive offense. Thus, the Commonwealth's reliance on the *Longo* case is misplaced.

■ Having decided that prior offenses do not constitute a substantive element to be proved by the Commonwealth, we hold that such evidence shall be introduced to the court only, at the time of sentencing, and shall not be introduced for purposes of trial. The potential for prejudice is too great otherwise.

■ It is a fundamental precept of our common law that evidence of a defendant's prior criminal conduct cannot generally be introduced against him in a prosecution for a separate offense, unless certain exceptions, which are not relevant here, apply.[4] As our Supreme Court stated in *Commonwealth v. Groce*, 452 Pa. 15, 303 A.2d 917 (1973):

This is because the fact that a person has committed one offense is not proof that he has committed another and

4. The exceptions include proving a common scheme or design between two or more crimes, and impeaching the credibility of the defendant by proving a prior criminal record. See *Commonwealth v. Groce*, infra, and citations therein.

because the effect of such testimony upon a jury is . . . *bound to create prejudice and an emotional reaction on their part against the defendant.*

Id., 452 Pa. at 17–18, 303 A.2d at 918, quoting *Commonwealth v. Stokes*, 279 Pa.Super. 361, 421 A.2d 240 (1980) (introduction of prior criminal conduct strips defendant of presumption of innocence).

 The Commonwealth argues that cautionary instructions to the jury, such as were given in this case, vitiate prejudice. It is our opinion, however, that even if this were true, it would not change the fact that the possible probative value of such evidence is negligible, whereas the potential prejudicial effect is great. Because the impact upon the jury of evidence of prior offenses is so significant, limiting instructions would not be adequate. See *Commonwealth v. Fortune*, 464 Pa. 367, 346 A.2d 783 (1975). There is no reason here to abrogate the protection against this highly prejudicial form of evidence afforded by our common law.

By reason of the foregoing, we affirm the order of the trial court.

Affirmed.