## Commonwealth v. Hardy

*John E. Feather, Jr.,* assistant district attorney, for the Commonwealth.
*Richard F. Maffett, Jr.,* for defendant.

WALTER, *J.,* September 25, 1984—On April 15, 1984, after taking field sobriety tests and a breathalyser test (.14 blood alcohol content result), defendant was arrested for driving under the influence of alcohol. At his formal arraignment the information presented against defendant stated violations of 75 Pa.C.S. §3731(a)(1) and (a)(4) but did not allege any prior offenses under the "drunk driving" law. Defendant has a prior offense on record and is therefore facing a 30 day sentence instead of the 48 hours incarceration prescribed for first offenders. Because defendant believes the Commonwealth will introduce his record forcing the court to impose the more severe penalty, he has filed the pretrial motion to dismiss the information now under consideration.

The issue presented is one of first impression for the court: must an information aver prior violations of driving under the influence of alcohol or controlled substance in order for defendant to be sen-

tenced to the mandatory penalties for a second or subsequent violation of 75 Pa.C.S. §3731? Defendant urges us to require notice of prior violations on the information and grant the relief he seeks — limit the information to only the facts stated and consider him a first offender.

The pertinent section of the Vehicle Code for our purposes is 75 Pa.C.S. §3731(e)(1) which categorizes a violation as a second degree misdemeanor and sets forth penalties. The minimum terms of imprisonment are not less than: (1) 48 hours for the first offense; (2) 30 days for the second offense; (3) 90 days for the third; and (4) one year for the fourth and subsequent offenses. The maximum sentence in every case is two years. 18 Pa.C.S. §106(b)(7).

Defendant contends these provisions amount to a recidivist statute since the minimum penalties increase in severity with each subsequent offense. The Commonwealth agrees with the general principle that prior offenses must be specified in a criminal information in order for the court to impose a longer maximum sentence under a recidivist statute, but argues that section 3731(e) is not a recidivist statute to which this principle applies.

With no cases directly on point, we must look for guidance in analogous provisions of the Liquor Code, 47 P.S. §4-494, and the Crimes Code, Retail Theft, 18 Pa.C.S. §3929.

Prior offenses must be alleged in informations under the Retail Theft Section of the Crimes Code. See Commonwealth v. Campbell, 273 Pa.Super. 407, 417 A.2d 712 (1980); Commonwealth v. Longo, 269 Pa.Super. 502, 410 A.2d 368 (1979); Commonwealth v. Herstine, 264 Pa.Super. 414, 399 A.2d 1118 (1979). Under the grading provisions of 18 Pa.C.S. §3929(b)(1), each subsequent offense is rated a progressively higher crime. For merchan-

dise valued under $150, the first is a summary offense but a second, subsequent offense is a second degree misdemeanor. And a third offense, regardless of the value of goods involved, is a felony. A defendant with a previous conviction cannot be sentenced beyond the charge alleged in the information; if the charge omits his prior convictions he can only be treated as a summary offender (depending, of course, on value of goods taken):

"It is well settled that in order to impose enlarged sentences under a recidivist statute, the indictment must contain averments of prior convictions. . . . Since a second offense carries a greater penalty than a first offense, it "is different in kind and character from a first offense." Com. v. Ciccarelli, 42 D. & C. 643 (1941). Hence, an indictment must plead the peculiar characteristics which distinguished it from a first offense." Commonwealth v. Herstine, 264 Pa. 414, 416, 399 A.2d 1118, 1119 (1979).

The Commonwealth points out that the maximum sentences facing a defendant under the retail theft statute differ, whereas the maximum sentence for driving under the influence is set at two years and the offense never exceeds a second degree misdemeanor. It urges the different minimum sentences do not require notice of prior convictions.

The Liquor Code penalties use a different scheme. A first offender is subject to a fine (or one to three months jail term if unable to pay). A subsequent offense requires an increased fine and a three months to one year jail term. Like the Vehicle Code provision, after that the maximum sentence does not increase with subsequent offenses but is set at one year.

The Pennsylvania Supreme Court requires notice of prior violations of the Liquor Code in an indictment because the recidivist provisions renders the

subsequent offense different in kind and character than the first. Commonwealth v. Moses, 441 Pa. 145, 271 A.2d 339 (1970). The Liquor Code's §4-494 penalties mandate different maximum sentences and thus notice of prior violations is required. We must decide if the Vehicle Code penalties of Section 3731(e) which mandate differing minimum sentences require a similar procedure.

Because we believe the Vehicle Code penalties are not recidivist in their effect, we hold that notice of prior convictions under 75 Pa.C.S. §3731 is not required on informations issued for subsequent offenses.

The increasing severity of the minimum sentence does not subject a repeat offender to an increased maximum sentence. Whether it be his first or fifth violation, a person charged with driving under the influence faces a maximum two year jail term. While we agree that a defendant's constitutional rights would be infringed if he were sentenced to increased penalties absent notice of the repeat offender provisions he faced, we emphasize that such is not the case here. This defendant's second violation is no different in kind and character from his first or (if he be so foolhardy) his third. He is still facing the same maximum penalty. Furthermore, a sentencing court is not bound by the mandatory minimums prescribed by the statute. If all factors pondered at sentencing warranted it the minimum sentence could be one year whether the violation be defendant's first or fourth.

The relevant factor in our decision is the maximum sentence. Our Supreme Court, in Rule of Criminal Procedure 319(a) has emphasized that defendant must be advised of the maximum range of permissible sentences not the minimum range nor even what sentencing guidelines might possibly ap-

ply, in order for his guilty plea to be valid. Commonwealth v. Kulp, 476 Pa. 358, 382 A.2d 1209 (1978); Commonwealth v. McNeill, 453 Pa. 102, 305 A.2d 51 (1973). The minimum sentence simply does not merit as much judicial attention or Constitutional concern.

Despite defendant's assiduous argument to the contrary and his well written brief, defendant's pretrial motion is denied. The Commonwealth has no duty to list his prior convictions on the information and will be allowed to raise his record at sentencing if and when that occurs.

## ORDER OF COURT

And now, this September 25, 1984, for reasons set forth in the accompanying opinion, defendant's pretrial motion is denied.