## Commonwealth v. Allison

*Ralph C. Warman,* for the Commonwealth.
*Joseph M. George,* for defendant.

CICCHETTI, *P.J.,* February 1, 1985—The Commonwealth seeks to amend the information at no. 753 of 1984 to read that the violation of 75 Pa.C.S. §3731 constitutes a second offense due to defendant being previously admitted ARD.

The question presented is whether the Commonwealth can amend an information to allege a second offense under the driving under the influence statute.

Defendant cites Commonwealth v. Herstine, 264 Pa. Super. 414, 399, A.2d 1118 (1979), for the proposition that, inasmuch as 75 Pa.C.S. §3731 (e)(1)(ii) imposes a higher minimum prison term for a second offense than for a first (30 days as opposed to 48 hours), a second offense is a different offense, such that allowing the information to be amended would affect a substantive change contrary to Pa.R.Crim.P. 229.

. . .

The Commonwealth contends that both a first and second offense are misdemeanors of the second degree under 75 Pa.C.S. §3731 (e)(1). The Commonwealth contends that since the grade of the offense is unchanged, the information as amended would not charge a different offense, and so the amendment should be allowed.

Commonwealth v. Herstine involved the amendment of an information to include description of crime of retail theft as second offense. Following conviction on the amended charge, defendant filed motions for new trial and in arrest of judgment. The motion in arrest of judgment was granted and the Commonwealth appealed. The Superior Court affirmed, concluding that the pleading of the second offense in the amended information charged a different offense.

In deciding the pleading of a second offense amounted to a "different offense" under Pa.R.Crim.P. 229, Herstine reasoned that Rule 229 contemplated only amendments of formal defects, not substantive matters. The court adopted the definition of a "substantive amendment" as one that changes the nature or grade of the offense charged, citing State v. Larrabee, 377 A.2d 463, 465 (Me. 1977). The court, citing Commonwealth v. Ciccarlli, 42 D.&C. 643 (1941), concluded that the pleading of the second offense charged an offense of a different "kind and character from a first offense." Hence, the Herstine court based its decision on the second offense being of a different nature, rather than a different grade, from the first.

### ORDER

The motion to amend the information is hereby denied.