**150**

COMMONWEALTH of Pennsylvania

v.

Ronald Edward REED, Appellant.

Commonwealth Court of Pennsylvania.

Argued April 14, 1998.

Decided May 19, 1998.

Gerard E. Grealish, Scranton, for appellant.

Frank Barletta, Wilkes-Barre, for appellee.

Before PELLEGRINI and LEADBETTER, JJ., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Ronald Edward Reed appeals from the June 27, 1996 judgment of sentence of the Court of Common Pleas of Luzerne County (trial court) imposing a sentence of a $2000 fine, a ten-year forfeiture of license to hunt wildlife and costs of prosecution and restitution to be determined by the Luzerne County Adult Probation Department.[1] For the reasons set forth in this opinion, we vacate the trial court's judgment of sentence and direct that a new trial be conducted.

The background of this case is as follows. On November 29, 1995, John Voytko was shot at approximately 4:30 p.m. while hunting in Frances Slocum State Park. An investigation ensued.

On January 11, 1996, Reed, who also had been hunting in that area on the day in question, was arrested and charged with one count of failing to render assistance after accidents pursuant to Section 2523(a) of the Game and Wildlife Code. Specifically, the criminal complaint alleged that Reed shot Voytko and then failed to render immediate and full assistance to him. (R.R. 591a.)

After a trial lasting several days, the jury found Reed guilty of Section 2523 of the Code, entitled "Rendering assistance after incidents." In pertinent part, that section provides as follows:

(a) **General rule.—** It is unlawful for any person who has inflicted injury or witnessed the infliction of injury to a human being with any firearm or bow and arrow, while hunting or furtaking, to flee or to fail or refuse to render immediate and full assistance to the person injured.

(b) **Penalties.—**

(1) A violation of this section by the person inflicting such injury where a human being is injured but not killed is a *misdemeanor of the second degree.* In addition to the fine imposed, the defendant forfeits the privilege to hunt or take wildlife anywhere in this Commonwealth, with

---

1. The Superior Court transferred this case to us pursuant to Section 705 of the Judicial Code, 42 Pa.C.S. § 705. Under Section 762(2) of the Judicial Code, we have jurisdiction over appeals from final orders of the courts of common pleas in governmental and Commonwealth regulatory criminal cases. 42 Pa.C.S. § 762(2). Here, the Commonwealth charged Reed with violating Section 2523 of the Game and Wildlife Code (Code), 34 Pa.C.S. § 2523.

or without a license, for a period of ten years.

. . . .

(3) A violation of this section by a person witnessing such injury where a human being is injured but not killed is a *summary offense of the third degree.*

34 Pa.C.S. § 2523(a) and (b)(1) and (3) (emphasis added).

Soon after the jury verdict was read, the trial court imposed a sentence of a $2000 fine and a ten-year forfeiture of license to hunt consistent with the penalty set forth in Section 2523(b)(1) of the Code for a misdemeanor of the second degree. Reed then appealed from the trial court's judgment of sentence, raising numerous issues. We only address one issue, however, as we find it to be dispositive of this case. That issue is whether the court erred in its jury charge by not instructing the jury that, in the event of a guilty verdict, the jury would have to determine whether Reed merely failed to render assistance to Voytko, a summary offense of the third degree, or whether Reed actually shot Voytko and then failed to render assistance, a misdemeanor of the second degree.[2]

Our Supreme Court has held that

[w]hen reviewing a challenge to a part of a jury instruction, the Court must review the jury charge as a whole to determine if it is fair and complete.... A trial court has broad discretion in phrasing its charge and can choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Hall,* 549 Pa. 269, 701 A.2d 190, 207 (1997) (citations omitted).

The relevant portion of the trial court's jury charge reads as follows:

In order to find the defendant, Ronald Reed, guilty of failing to render assistance after a hunting accident, in this case, the Commonwealth must prove each and every element of the offense it has charged beyond a reasonable doubt. Thus, the Commonwealth must prove beyond a reasonable doubt the following elements: Ronald Reed inflicted the wound that John Voytko suffered; *or,* Ronald Reed knew or witnessed John Voytko was injured and Ronald Reed failed, fled or refused to render immediate and full assistance to John Voytko. Only if the Commonwealth proves these elements beyond a reasonable doubt may you find Ronald Reed guilty as charged. If the Commonwealth fails to prove these elements beyond a reasonable doubt, you must find Ronald Reed not guilty of the offense which he has been charged with.

(R.R. 573a) (emphasis added).

This jury charge mirrored the criminal information:

The District Attorney ... by this information charges that Ronald Edward Reed on or about the 29th day of November, 1995, in said County, (1) did inflict injury *or* witness the infliction of injury to another human being, to wit, John Voytko, with a firearm while hunting, and did flee or fail to refuse to render immediate and full assistance to the said victim who was injured. RENDERING ASSISTANCE AFTER ACCIDENTS, 34 C.S. § 2523(a).

(R.R. 593a) (emphasis added).

Reed argues that the judge erred in failing to instruct the jury that, in the event of a guilty verdict, the jury would have to distinguish between the penalty provision that is a misdemeanor and the one that is a summary offense. He contends that, without a more specific charge, there is no way to determine what elements the jury determined to be proved beyond a reasonable doubt.

---

2. During a colloquy regarding proposed jury instructions, counsel for Reed raised a concern as to the trial court's proposed jury charges. (R.R. 507a.) Specifically, counsel pointed out that, if the judge charged that Defendant would be guilty if he *either* witnessed the victim being shot and failed to render assistance *or* actually shot him and failed to render assistance, the Commonwealth would not have to prove that Reed actually shot Voytko. Counsel reiterated that witnessing the shooting without rendering assistance was a summary offense and that shooting the victim without rendering assistance was a misdemeanor.

The Commonwealth contends that the judge properly instructed the jury to find Reed guilty if it found that the Commonwealth proved that he either inflicted the wound and failed to render assistance *or* simply witnessed the shooting and failed to help. It argues that since the factors in the penalty section are not substantive elements of the offense, they were not relevant to the jury's determination and that the judge properly recited subsection "a" of the statute and not the penalty provisions of subsection "b." In support of its argument, the Commonwealth cites *Commonwealth v. Coleman,* 289 Pa.Super. 221, 433 A.2d 36 (1981) and *Commonwealth v. Longo,* 269 Pa.Super. 502, 410 A.2d 368 (1979).

The Commonwealth contends that *Coleman* supports its position because the Superior Court in that case held that the factors in the penalty subsection of the retail theft statute of the Crimes Code[3] were not substantive elements of the definition subsection and that, accordingly, Coleman's prior convictions for retail theft could not be used in addressing the jury. The Court held that it was improper and prejudicial to introduce the prior convictions for purposes of trial since the operative elements of retail theft and retail theft third offense were the same and merely the penalties differed. Thus, the Court concluded that such evidence of prior convictions should only be introduced to the court at the time of sentencing.

In our case, however, there is a great difference between the operative elements of actually shooting someone and failing to render assistance, a misdemeanor of the second degree, and merely witnessing an injury and failing to render assistance, a summary offense of the third degree. Thus, while it is true that like the retail theft statute, Section 2523 of the Code's substantive, definition section is separate from the penalty provisions, the judge had to know for purposes of imposing the penalty which conduct the jury found beyond a reasonable doubt that Reed had committed.

The Commonwealth also contends that *Longo* supports its position, noting that the Superior Court in that case held that Longo

could not be sentenced under the more severe penalty subsections of the retail theft statute because the indictment did not contain the information required to support the more severe penalty. We find that, to the contrary, *Longo* supports Reed's position.

In *Longo,* the Superior Court considered the legality of a sentence rendered pursuant to the retail theft statute of the Crimes Code. After pleading guilty to an information that charged her with retail theft, the trial court sentenced Longo to six months to two years imprisonment. The information gave no indication that this was Longo's third offense. During the guilty plea colloquy, defense counsel told Longo on the record that, because this was her third offense, it carried a conviction with a maximum fine of $15,000 and a maximum prison term of seven years.

The Superior Court vacated the trial court's judgment of sentence and remanded the case for resentencing, concluding that since the information charged only retail theft, a summary offense, the imposition of a six months to two years sentence was improper. The Court rejected the argument that, by pleading guilty, Longo had waived any issue to alleged defects on the face of the information. It held that a question of the legality of sentence could not be waived.

In the case before us, merely because the criminal information covered *both* witnessing an injury and failing to render aid *and* shooting someone and failing to render aid, that does not mean that the sentence imposed was legal. It simply means that, by not requiring the jury to make a distinction between the two alternatives, an ambiguity arose as to the proper penalty to be imposed. In other words, because the court did not require the jury to clarify what it determined beyond a reasonable doubt, the legality of the sentence imposed for a misdemeanor of the second degree is at issue.

Accordingly, as the Commonwealth had to prove violation of Section 2523 beyond a reasonable doubt, a jury charge that merely tracked the language of subsection (a) was insufficient. The court had to know with

---

3. Section 3929 of the Crimes Code, 18 Pa.C.S. § 3929.

absolute certainty what the jury determined was proved beyond a reasonable doubt in order to sentence Reed. In addition, we note that, although the record reflects that the jury was given some clues that this case involved the misdemeanor aspect of Section 2523 and not the summary aspect,[4] we cannot assume that a jury would be sophisticated enough to appreciate, for example, the legal nicety that a summary trial would not warrant a jury and that, therefore, a misdemeanor was at issue.

We clarify that we are not holding that the trial court in its jury charge must recite the penalty provisions of Section 2523 of the Code. We do hold, however, that the court must render the charge in such as way as to alert the jury that, in case of a guilty verdict, the jury must determine whether it finds that Reed actually shot Voytko and failed to render aid or merely witnessed the shooting and failed to render assistance thereafter.

For the above reasons, we hereby vacate the trial court's judgment of sentence and direct that a new trial in this matter be conducted.

### ORDER

AND NOW, this 19th day of May, 1998, the June 27, 1996 judgment of sentence of the Court of Common Pleas of Luzerne County is hereby vacated and a new trial shall be conducted.

Jurisdiction is relinquished.

---

4. The following reflects a portion of counsel for Reed's cross-examination of the wildlife conservation officer:

Q. Now the offense we're talking about in this case would give a person a criminal record; would it not?

A. Yeah. No jail time involved or anything like that according to the Game and Wildlife code.

Q. Okay. But it's not a summary offense; is it?

(R.R. 232a.)