J-S25035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RASHEED NIFAS,<br><br>              Appellant<br><br>           v.<br><br>JOHN E. WETZEL, SHIRLEY MORE SMELA, DANIEL BURNS, JEFFREY WITHERITER, GERLAD ROZUM, DANIEL GEHLEMANN, JOSEPH MAZURKIEWICZ, ALLEN JOSEPH, MELISA HAINSWORTH, JOSEPH BIANCONI,<br><br>              Appellees | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br>No. 1832 WDA 2014 |

Appeal from the Order Entered October 30, 2014
in the Court of Common Pleas of Somerset County
Civil Division at No.: 381 Civil 2014

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:               **FILED APRIL 28, 2015**

Appellant, Rasheed Nifas, appeals *pro se* from the order dismissing his complaint with prejudice.  He raises issues that are in the exclusive jurisdiction of the Commonwealth Court.  Therefore, we transfer to that Court.

On June 20, 2014, Appellant initiated this civil rights action against Appellees, employees of the Pennsylvania Department of Corrections.  He alleged a violation of his constitutional rights based on retaliation, specifically, not returning him to general population, for filing a grievance

_____

[*] Retired Senior Judge assigned to the Superior Court.

related to Appellees requiring him to work for free in conjunction with his removal from the restricted release list. Appellees responded by filing preliminary objections in the nature of a demurrer. On October 30, 2014, the trial court sustained the objections and dismissed the complaint with prejudice. Appellant timely appealed.

It is well-settled that "[e]ven when neither party has raised the issue of jurisdiction, this Court may, *sua sponte,* determine whether retention of jurisdiction is appropriate, or whether the matter should be transferred to the Commonwealth Court." **Commonwealth v. Reed**, 696 A.2d 199, 200 (Pa .Super. 1997), *transferred to*, 713 A.2d 150 (Pa. Cmwlth. 1998) (citation omitted); **see** Pa.R.A.P. 751(a), 752(a).

Civil rights claims against prison officials are properly heard in the Commonwealth Court. **See** 42 Pa.C.S.A. § 762(a)(1)(i).

Here, Appellant identified the Commonwealth Court as having jurisdiction, but apparently misfiled his notice of appeal. (**See** Appellant's Brief, at 1; Appellant's Application to Transfer, 3/30/15, at 1-2). Furthermore, the trial court acknowledged that "[t]his matter is . . . on an appeal to the Commonwealth Court . . . ." (Trial Court 1925(a) Opinion, 1/09/15, at 1). Accordingly, we transfer this matter to the Commonwealth Court in accordance with Appellant's request. **See Reed**, **supra** at 200.

Appeal transferred to the Commonwealth Court.[1]


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/28/2015

---

[1] Appellant's Application to Consider Timely Filed Reply Brief filed 3/30/15 is dismissed as moot.