# Matter of Bharatkumar Girishkumar THAKKER, Respondent

*Decided September 20, 2024*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  The assumption in *Matter of Jurado* that a retail theft offense involves an intent to permanently deprive a victim of their property is inconsistent with the categorical approach as currently articulated by the Supreme Court.  *Matter of Jurado*, 24 I&N Dec. 29 (BIA 2006), *aff'd sub. nom. Jurado-Delgado v. Att'y Gen. of U.S.*, 498 F. App'x 107 (3d Cir. 2009), overruled in part.

(2)  The respondent's convictions for retail theft under section 3929(a)(1) of title 18 of the Pennsylvania Consolidated Statutes, all of which predate the Board's decision in *Matter of Diaz-Lizarraga*, 26 I&N Dec. 847 (BIA 2016), are categorically not for crimes involving moral turpitude because the statute does not require an intent to permanently deprive the victim of property.

FOR THE RESPONDENT:  Christopher R. Healy, Esquire, Philadelphia, Pennsylvania

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Jeffrey T. Bubier, Senior Attorney

BEFORE:  Board Panel:  LIEBOWITZ, PETTY, and CLARK, Appellate Immigration Judges.

LIEBOWITZ, Appellate Immigration Judge:

This case is before the Board pursuant to a remand from the United States Court of Appeals for the Third Circuit.  *Thakker v. Att'y Gen. U.S.*, 837 F. App'x 75 (3d Cir. 2020).  The court directed the Board to reconsider whether the respondent's convictions for retail theft under section 3929(a)(1) of title 18 of the Pennsylvania Consolidated Statutes are for crimes involving moral turpitude.  *Id*. at 80–81.  This requires us to reexamine our decision in *Matter of Jurado*, 24 I&N Dec. 29 (BIA 2006), *aff'd sub. nom. Jurado-Delgado v. Att'y Gen. of U.S.*, 498 F. App'x 107 (3d Cir. 2009).  We conclude that *Matter of Jurado* must be overruled in part and that the respondent is not removable as charged.  Accordingly, the respondent's appeal will be sustained, and the removal proceedings will be terminated.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of India, was admitted to the United States as a lawful permanent resident in 1973.  He was convicted six times from 2003 to 2014 for retail theft under section 3929(a)(l) of title 18 of the Pennsylvania Consolidated Statutes.  He also has a 2009 conviction for shoplifting under section 2C:20-11 of the New Jersey Statutes Annotated and a 2017 conviction for possession of an instrument of crime under section 907(a) of title 18 of the Pennsylvania Consolidated Statutes.  The respondent was previously placed in removal proceedings and was granted relief from removal in 2009 and 2012.

In 2017, the Department of Homeland Security ("DHS") charged the respondent with removability under section 237(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(ii) (2012), for having been convicted of two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.  Based on the respondent's concessions and the evidentiary record, the Immigration Judge found the respondent removable as charged.  The Immigration Judge further denied the respondent's request for a waiver of inadmissibility in conjunction with an application for adjustment of status.  The Board dismissed the respondent's appeal.

The respondent filed a motion to reopen alleging that his prior attorney provided ineffective assistance of counsel because he did not argue that the respondent's convictions were not for crimes involving moral turpitude.  The Board denied the motion, concluding that the respondent did not establish ineffective assistance of counsel, and he did not demonstrate prejudice because his Pennsylvania retail theft convictions qualified as crimes involving moral turpitude under *Matter of Jurado*, 24 I&N Dec. at 34. *See also Jurado-Delgado v. Att'y Gen. of U.S.*, 498 F. App'x 107, 112 (3d Cir. 2009) (holding that retail theft in violation of section 3929(a)(1) of title 18 of the Pennsylvania Consolidated Statutes "is not aimed at borrowing" and involves moral turpitude).

The respondent filed a petition for review with the Third Circuit.  On November 25, 2020, the Third Circuit denied the respondent's petition as to relief from removal but granted the petition as to the denial of his motion to reopen.  *Thakker*, 837 F. App'x at 77–80.  The court questioned the continuing validity of *Matter of Jurado* and remanded the case for the Board to consider whether the respondent's convictions constitute crimes involving moral turpitude in light of *Matter of Diaz-Lizarraga*, 26 I&N Dec. 847, 849 (BIA 2016), and *Mathis v. United States*, 579 U.S. 500 (2016).  *Id*. at 79–80. The Board issued an interim order reopening the proceedings and setting a

briefing schedule.  Both the respondent and DHS have provided briefs on remand.

## II.  ANALYSIS

The issue before us is whether *Matter of Jurado*, and its assumption that retail theft inherently includes an intent to permanently deprive, survives *Mathis* and related case law.  We review de novo this issue and the question of whether the respondent is removable under section 237(a)(2)(A)(ii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(ii), for having been convicted of two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.  8 C.F.R. § 1003.1(d)(3)(ii) (2024).

### A.  Viability of *Matter of Jurado*

In *Matter of Jurado*, the Board held that a conviction for retail theft under section 3929(a)(l) of title 18 of the Pennsylvania Consolidated Statutes is for a crime involving moral turpitude.  24 I&N Dec. at 33–34.  Based on the nature of the offense—which "requires proof that the person took merchandise offered for sale by a store without paying for it and with the intention of depriving the store owner of the goods"—we concluded that it was "reasonable to assume that the taking [wa]s with the intention of retaining the merchandise permanently."  *Id.*  In that case, we declined to consider whether an offense involving only an intent to temporarily deprive the owner of the property would constitute a crime involving moral turpitude.  *Id.* at 33.

In our subsequent decision in *Matter of Diaz-Lizarraga*, we recognized that "[f]rom the Board's earliest days we ha[d] held that a theft offense categorically involves moral turpitude if—and only if—it is committed with the intent to *permanently* deprive an owner of property."  26 I&N Dec. at 849; *accord Matter of Cordero-Garcia*, 27 I&N Dec. 652, 661 (BIA 2019).  We found it appropriate, however, to "update our existing jurisprudence" and determined that the Arizona shoplifting statute at issue "embodie[d] a mainstream, contemporary understanding of theft, which requires an intent to deprive the owner of his property either permanently or under circumstances where the owner's property rights are substantially eroded."  *Matter of Diaz-Lizarraga*, 26 I&N Dec. at 852, 854.  We overruled any prior decisions to the extent they "required a literal intent to permanently deprive in order for a theft offense to be a crime involving moral turpitude."  *Id.* at 854–55.

We acknowledged in *Matter of Diaz-Lizarraga* that the assumption in *Matter of Jurado* that a retail theft offense involves an intent to permanently

deprive was potentially incompatible with *Mathis* and other categorical approach cases from the Supreme Court of the United States. *Id*. at 854 n.11. We did not, however, overrule *Matter of Jurado* because the issue was not squarely before us in that case. *See id.* We now conclude that the assumption in *Matter of Jurado* that a retail theft offense involves an intent to permanently deprive a victim of their property is inconsistent with the categorical approach as currently articulated by the Supreme Court.

Our reasoning in *Matter of Jurado* predates the Supreme Court's seminal categorical approach cases in *Mathis* and *Descamps v. United States*, 570 U.S. 254 (2013). These cases hold that the categorical approach requires courts to focus solely on the elements of the crime of conviction, not the particular circumstances of the respondent's conduct. *See Mathis*, 579 U.S. at 504; *Descamps*, 570 U.S. at 257 (recognizing that the categorical approach compares "the elements of the statute forming the basis of the [respondent's] conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood"); *see also Larios v. Att'y Gen. U.S.*, 978 F.3d 62, 67 (3d Cir. 2020) ("A categorical match occurs if a state statute's elements define a crime identical to or narrower than the generic crime.").

As we noted in *Matter of Diaz-Lizarraga*, *Matter of Jurado* "embodied an effort to finesse th[e] distinction" between de minimis takings and more serious cases "by indulging a commonsense 'assumption' that in cases involving a theft of . . . merchandise from a retail establishment, the offender's intent was to permanently deprive the owner of the . . . merchandise." *Matter of Diaz-Lizarraga*, 26 I&N Dec. at 855 n.11. This assumption, however, is incompatible with current case law requiring that the categorical approach focus solely on the elements of an offense. Thus, given the development of the categorical approach after *Matter of Jurado*, we conclude that *Matter of Jurado* must be overruled to the extent it is inconsistent with the categorical approach.

## B. Retail Theft in Pennsylvania

We now consider whether the respondent's convictions under section 3929(a)(1) of title 18 of the Pennsylvania Consolidated Statutes are categorically for crimes involving moral turpitude as that term was understood prior to *Matter of Diaz-Lizarraga*.[1] At all relevant times, section 3929(a)(1) provided that a person is guilty of retail theft if the person

> takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store

---

[1]   The respondent's last retail theft conviction was in 2014. As we noted in *Matter of Cordero-Garcia*, 27 I&N Dec. at 662, several courts of appeals have declined to apply our

or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof.

18 Pa. Stat. and Cons. Stat. Ann. § 3929(a)(1) (West 2014); *see also Commonwealth v. Coleman*, 433 A.2d 36, 39 (Pa. Super. Ct. 1981) (setting forth the elements for a retail theft conviction under section 3929(a)(1)).

Pennsylvania has defined "deprive" as:

(1) To withhold property of another permanently or for so extended a period as to appropriate a major portion of its economic value, or with intent to restore only upon payment of reward or other compensation; or

(2) to dispose of the property so as to make it unlikely that the owner will recover it.

18 Pa. Stat. and Cons. Stat. Ann. § 3901 (West 2014).

As discussed in *Matter of Diaz-Lizarraga*, Pennsylvania is one of the States that has adopted the Model Penal Code's definition of the term "deprive," which "does not require the accused to intend a *literally* permanent taking." *Matter of Diaz-Lizarraga*, 26 I&N Dec. at 851–52, 851 n.4. The definition of "deprive" in section 3901 is worded in the alternative, covering acts in which the accused intended to withhold the victim's property permanently and other acts in which the accused intended something less than a permanent taking. 18 Pa. Stat. and Cons. Stat. Ann. § 3901. Because retail theft under section 3929(a)(1) criminalizes less than permanent takings, the statute is overbroad and does not categorically qualify as a crime involving moral turpitude. *See generally Mathis*, 579 U.S. at 504 (discussing the categorical approach); *Descamps*, 570 U.S. at 257 (same); *Larios*, 978 F.3d at 67 (same).

In reaching this conclusion, we disagree with DHS' argument that an offense under section 3929(a)(1) is categorically a crime involving moral turpitude because the definition of "intent to deprive" need not be strictly applied in the retail context. DHS notes that section 3901 provides that the definitions contained in that section apply "unless the context clearly indicates otherwise." 18 Pa. Stat. and Cons. Stat. Ann. § 3901. We see no

---

holding in *Matter of Diaz-Lizarraga* retroactively to convictions that predate the 2016 decision. The Third Circuit, in whose jurisdiction this case arises, is among them. *See Francisco-Lopez v. Att'y Gen. U.S.*, 970 F.3d 431, 435–40 (3d Cir. 2020). Thus, our holding in *Matter of Diaz-Lizarraga* that a theft conviction may categorically be for a crime involving moral turpitude absent an intent to permanently deprive the owner of the property cannot be applied to the respondent's retail theft convictions. *See id.* However, had the respondent been convicted of retail theft after *Matter of Diaz-Lizarraga* was issued on November 16, 2016, the holding in *Matter of Diaz-Lizarraga* would have applied.

ambiguity to suggest that the definition of "deprive" set forth by the Pennsylvania legislature would not apply to a retail theft offense under section 3929(a)(1). *See* 1 Pa. Stat. and Cons. Stat. Ann. § 1921(b) (West 2024) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."); *A.S. v. Pa. State Police*, 143 A.3d 896, 903 (Pa. 2016) (recognizing that the plain language of a statute generally provides the best indication of legislative intent). Moreover, the official comment to section 3901 reflects that the legislature intended to apply the definition of "deprive" contained in the Model Penal Code, a fact which is reflected in the wording of the statute. 18 Pa. Stat. and Cons. Stat. Ann. § 3901 cmt. *See generally Bricklayers of W. Pa. Combined Funds, Inc. v. Scott's Dev. Co.*, 90 A.3d 682, 691 n.11 (Pa. 2014) ("Although these official comments are not law, they may be given weight in the construction of the statute as they provide evidence of legislative intent."). DHS' argument would require us to construe the respondent's statute of conviction contrary to its plain language and the legislature's intent to incorporate the Model Penal Code.

Because retail theft under section 3929(a)(1) of title 18 of the Pennsylvania Consolidated Statutes is not categorically a crime involving moral turpitude, we next consider whether the statute is divisible such that the modified categorical approach applies. *See Matter of Silva-Trevino*, 26 I&N Dec. 826, 830 (BIA 2016) (holding that the Supreme Court's divisibility case law is controlling in the context of crimes involving moral turpitude). A statute is divisible if it has alternative elements and "at least one of the alternative divisible categories would, by its elements, be a match with [the] generic definition." *Larios*, 978 F.3d at 67 (alteration in original) (citation omitted). In such a case, we apply the modified categorical approach, in which we consult a limited set of conviction documents to identify whether the respondent was convicted of an alternative which involves moral turpitude; under the modified categorical approach, we still disregard the particular facts of the crime. *Id*. at 67–68.

"[I]ntent to deprive is an essential element of the crime of retail theft." *Commonwealth v. Martin*, 446 A.2d 965, 969 (Pa. Super. Ct. 1982). Although section 3901 defines "deprive" in the alternative, we are neither aware of any cases treating the definition as divisible nor has DHS identified any such cases. Additionally, Pennsylvania jury instructions for retail theft do not require a jury to differentiate between whether the defendant intended to deprive the owner of the property temporarily or permanently. *See* Pa. Suggested Standard Crim. Jury Instr. 15.3929A (Pa. Bar Inst. 2d ed. Supp. 2015) (stating that for a defendant to be guilty of retail theft, the jury must find that the defendant took, carried away, or transferred merchandise

"with the intention of depriving the merchant of the possession, use, or benefit of such merchandise without paying the full retail value thereof"). Thus, section 3929(a)(1) is not divisible with respect to the intent to deprive element and the modified categorical approach does not apply.

## III. CONCLUSION

The respondent's convictions for retail theft under section 3929(a)(1) of title 18 of the Pennsylvania Consolidated Statutes, all of which predate the Board's decision in *Matter of Diaz-Lizarraga*, are categorically not for crimes involving moral turpitude because the statute does not require an intent to permanently deprive the victim of property. Therefore, DHS has not carried its burden of establishing that the respondent is removable under section 237(a)(2)(A)(ii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(ii), for having been convicted of two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.[2] *See* INA § 240(c)(3)(A), 8 U.S.C. 1229a(c)(3)(A) (2018); 8 C.F.R. § 1240.8(a) (2024). The respondent's removal proceedings will be terminated.

**ORDER:** The respondent's appeal is sustained.

**FURTHER ORDER:** The removal proceedings are terminated.

---

[2] While the respondent was also convicted in 2009 for shoplifting under section 2C:20-11 of the New Jersey Statutes Annotated, this conviction predates *Matter of Diaz-Lizarraga*, and, like Pennsylvania, New Jersey has adopted the Model Penal Code's definition of "deprive." *See Thakker*, 837 F. App'x at 79; *Matter of Diaz-Lizarraga*, 26 I&N Dec. at 851 & n.4. In finding the respondent removable, the Immigration Judge did not rely on this New Jersey conviction nor on the respondent's 2017 conviction for possession of an instrument of crime under section 907(a) of title 18 of the Pennsylvania Consolidated Statutes. DHS has not presented arguments related to these convictions. We will not address these convictions further.