J-S80045-18

2020 PA Super 152

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                : PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
BRANDON LITES                   :
                                :
          Appellant             : No. 822 EDA 2018

Appeal from the Judgment of Sentence February 12, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000302-2016

BEFORE: BENDER, P.J.E., BOWES, J., and NICHOLS, J.

OPINION BY NICHOLS, J.:                    **FILED JUNE 29, 2020**

Appellant Brandon Lites appeals from the judgment of sentence, imposed following a jury trial for burglary, attempted rape, indecent assault, criminal trespass, and simple assault.[1] Appellant's counsel, J. Anthony Foltz, Esq., has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and Appellant has filed a *pro se* response. In our prior memorandum decision, we initially affirmed Appellant's judgment of sentence and granted Attorney Foltz's petition to withdraw. Subsequently, Appellant retained Jerome M. Brown, Esq., who filed a motion for reconsideration challenging the legality of Appellant's sentence. This Court granted reconsideration limited to that issue and withdrew our prior

_____

[1] 18 Pa.C.S. § 3502; 18 Pa.C.S. § 3121; 18 Pa.C.S. § 3126; 18 Pa.C.S. § 3503; 18 Pa.C.S. § 2701.

memorandum decision. This decision replaces our withdrawn prior memorandum decision. For the reasons that follow, we affirm the convictions, grant Attorney Foltz's petition to withdraw, but vacate the judgment of sentence and remand for resentencing.

Because the parties are familiar with this matter, we do not extensively restate the facts of this case. Briefly, the Commonwealth charged Appellant with the above-mentioned offenses for a June 24, 2014 incident in which an individual sexually assaulted the then eighty-one-year-old victim inside the victim's apartment.

Prior to trial, Appellant filed a motion for a competency determination of the victim. The trial court denied Appellant's motion without prejudice to re-raise the issue at the time of trial. Order, 10/27/17. According to the docket, on December 18, 2017, the Commonwealth made an oral motion *in limine* to preclude any mention of a competency evaluation, which the trial court granted that same day. Docket at 5. The trial court, however, noted that the victim testified at a competency hearing prior to trial. *See* N.T., 12/20/17, at 47.

At the jury trial, Appellant's trial counsel did not object to the victim's competence during the victim's trial testimony. The victim testified about the sexual assault, but did not identify Appellant as the perpetrator of the assault. N.T., 12/20/17, at 42-43. The Commonwealth, however, introduced DNA evidence from a "rape kit" that inculpated Appellant. *Id.* at

- 2 -

111-12. Appellant testified on his own behalf and denied any involvement in the attack. The jury found Appellant guilty, and the court ordered a presentence investigation report.

On February 9, 2018, the Commonwealth filed a sentencing memorandum that listed Appellant's criminal history, including his guilty plea to first-degree felony burglary on August 16, 1994. Commonwealth's Sentencing Memo., 2/9/18, at 2 n.2, 3 (unpaginated). The Commonwealth did not attach any supporting documentation for its list, but asserted that Appellant should be sentenced as a second-strike offender under 42 Pa.C.S. § 9714 based on a prior burglary conviction in 1994.

At the sentencing hearing, the Commonwealth presented its reasoning for a mandatory minimum sentence:

> It is the Commonwealth's position that the mandatory minimums apply to both the counts for criminal attempted rape and burglary. Burglary was Count 1. Criminal attempted rape was Count 2. Your Honor, under Title 42, Section 9714 (a), the law states that if [Appellant] is convicted of a crime of violence at the time—and at the time of the commission of that offense they were already previously convicted of a crime of violence, then there should be a mandatory minimum applied to that charge. Your Honor, the crime of violence is defined under the statute, and criminal attempt to rape, as well as burglary that he was convicted of, are both crimes of violence, so they would apply to both of those charges. As to his prior offense, Your Honor, [Appellant] did commit a burglary on June 9th, 1994, and, Your Honor, he pled guilty to that charge. The Commonwealth will be handing up to the Court Commonwealth Exhibit—Sentencing Exhibit 1, which was provided to [Appellant's] counsel previous

- 3 -

to the sentencing date.[2]   And, Your Honor, they're just the documents that show his conviction, as well as the information with the statute on it.  Your Honor, **[Appellant] was convicted of burglary, felony of the first degree**.  Now, Your Honor, under Section (g) of Title 42, Section 9714, it says that burglary, as defined in the current law, Section—Title 18, Section 3502(a)(1), or its equivalent offense also applies as a crime of violence and has to be the equivalent offense that he was convicted of at the time that the act was committed.  Your Honor, I have attached in Appendix B I believe that it is in my sentencing memorandum a copy of the statute that was in place, the burglary statute was in place at that time when he committed the offense.  And, Your Honor, you will find that all of the elements in that statute are identical for the felony one burglary to the elements that he was convicted of for this burglary offense, which is a crime of violence.  So, Your Honor, that's why the Commonwealth is representing that this is an equivalent offense to burglary as defined in the current burglary statute under Subsection(a)(1).  For that reason, Your Honor, his prior offense is an equivalent offense that was committed at the—or that was—that was equivalent offense for the statute that was there at the time in 1994 when he committed the offense.  Your Honor, given that it applies to the prior offense and given that the current offenses are crimes of violence, the mandos apply.  Your Honor, if I may proceed, I don't know if defense wants to offer his argument as to the mandos now or I could proceed with the rest of my argument.

N.T. Sentencing Hr'g, 2/12/18, at 27-29 (emphasis added).

After additional unrelated argument by the Commonwealth, Appellant's

plea counsel briefly countered as follows:

Based on the exhibit there that has the information, as well as the sentencing sheet, neither one of those indicate that what [Appellant] pled to was burglary with the person present.  I would argue that without that key factor in there, that the

---

[2] The Commonwealth's sentencing exhibits were not in the certified record transmitted to this Court.

mandatory minimum should not apply because that is not a first-string offense.

*Id.* at 39.[3]

At the conclusion of the hearing, the trial court imposed a mandatory minimum sentence of ten to twenty years' imprisonment for burglary, followed by a consecutive mandatory minimum sentence of ten to twenty years' imprisonment for attempted rape. *Id.* at 45-46. The trial court imposed concurrent sentences for the remaining counts. Appellant did not file post-sentence motions.

Appellant timely appealed, and the trial court ordered Appellant to comply with Pa.R.A.P. 1925(b), and Attorney Foltz filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an ***Anders*** brief. Attorney Foltz filed a petition to withdraw and an ***Anders*** brief with this Court.

In the ***Anders*** brief, Attorney Foltz raised one question:

Did the trial court err in denying the motion of [Appellant's] counsel for an evaluation of the competency of the alleged victim, R.L. to testify at the trial of [Appellant]?

***Anders*** Brief at 6.

In our prior memorandum decision, we held that Attorney Foltz's petition to withdraw and brief complied with the technical requirements of

---

[3] As noted above, the 1994 information for Appellant's prior burglary conviction was not included in the certified record as part of the Commonwealth's sentencing exhibits.

*Anders* and *Santiago*. *See Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014).

We then addressed the sole challenge raised in the *Anders* brief, which was that the victim "clearly had difficulty recalling numerous facts about the alleged attack [and that] counsel for the Commonwealth and the judge of the trial court needed to ask numerous questions repeatedly to get the answers that they sought." *Anders* Brief at 15. We reviewed the trial court's ruling on a witness's competency to testify for an abuse of discretion. *Commonwealth v. Delbridge*, 855 A.2d 27, 34 (Pa. 2003); *see also* Pa.R.E. 601; *Commonwealth v. Boich*, 982 A.2d 102, 109-10 (Pa. Super. 2009) (*en banc*).

Following our review, we concluded that Appellant's intended challenge to the competency of the victim was frivolous. *See Boich*, 982 A.2d at 110. The trial court, we held, acted within its discretion to deny Appellant's pre-trial motion without prejudice. *See id.* Appellant did not re-raise his objection at trial. Furthermore, the trial court observed the victim testify at trial and did not signal any concern about her competency. *See id.* Nothing in the victim's testimony reflected a basis for Appellant or the trial court to establish that the victim was incapable of perceiving the assault she experienced, was unable to make herself understood, had an impaired memory, or did not understand her duty to tell the truth. *See id.* at 109-10.

Therefore, we agreed with Attorney Foltz that this claim lacked any support in the record or law. **See Orellana**, 86 A.3d at 882 n.7.

In our prior memorandum decision, we also addressed the thirteen issues Appellant raised in his *pro se* response.[4] We quoted Appellant's first five issues in his *pro se* response as follows:

> 1) [Appellant] submits that mitigating circumstances are present in this case given that [Appellant] was denied DNA expert witness to be present and[/]or available to aid [the] jury with interpretation of scientific evidence beyond the competence of a lay person pursuant to (Pa.R.E. 702-3)[. Appellant] cites **Todd Heller, Inc. v. United Parcel Service**, 754 A.2d 689[.]
>
> 2) Detective [Nelson] Collins['s] testimony of the description of the attacker having a moustache was hearsay, false and inconsistent with previous testimony statements made in prior official proceeding under oath pursuant to 18 Pa.C.S.A. § 4902[.]
>
> 3) [Trial counsel] failed to object and cross-examine Detective Collins on his inconsistent testimony of the description of the attacker pursuant to 28 U.S.C. § 2254[. Appellant] cites **Commonwealth v. Rolan**[,] 742 A.2d 210[,] No[.] 4591 Phila[.] 1997 slip op. (Pa. Super. Ct. 1999)[.]
>
> 4) [Trial counsel] failed to investigate that [Appellant] wasn't even staying, nor was [he] in Pa. at the time or during when this crime occurred pursuant to **Strickland**[,] 466 U.S. at 689[. Appellant] cites **United States v. Gray**, 878 F.2d 702[,] 711 (3d Cir. 1989)[.]

---

[4] We noted that Appellant's *pro se* response consisted of only the issues without any argument or reference to the record where the issues appeared. Although this Court "will not act as counsel and will not develop arguments on behalf of" Appellant, **see Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010), we reviewed Appellant's issues to determine whether they were frivolous.

5) Jury was denied taking notes during the course of [Appellant's criminal] trial.  During their deliberations[,] they lacked notes which could have helped them refresh and recollect expert witness testimony to be used as memory aids pursuant to Rule 644 Trial Procedures[.]

Appellant's *Pro Se* Resp., 12/3/18, at 1-2 (unpaginated).

Our prior memorandum resolved Appellant's issues as follows. Appellant's first issue was that the trial court erred in denying his request for a DNA expert witness.  Appellant's *Pro Se* Resp. at 1.  Appellant, however, did not identify where in the record he requested any such expert and our review has not identified any such request.  Thus, he did not preserve his issue for appellate review.  *See* Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Appellant's second issue was also frivolous.  By way of background, Detective Collins was not asked at the preliminary hearing about Appellant's appearance, let alone whether Appellant had a moustache.  N.T. Prelim. Hr'g, 1/11/16, at 54-64.  At trial, Detective Collins testified that Appellant's driver's license photo depicted him with a moustache, which was consistent with the victim's description of her attacker.  N.T. Trial, 12/20/17, at 86. Therefore, there was no conflict between Detective Collins's preliminary hearing testimony and his trial testimony.

Appellant's third, fourth, and fifth issues pertained to trial counsel's purported ineffective assistance.  Appellant, however, has not asserted any

- 8 -

claim of ineffective assistance of trial counsel that can be considered on direct appeal under **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013). Therefore, we deferred these claims to Post Conviction Relief Act review. **See id.**

Appellant's last eight issues alleged various errors at his preliminary hearing. **See** Appellant's *Pro Se* Resp., 12/3/18, at 3-4 (unpaginated). It is well-settled that any purported defect or error at the preliminary hearing stage is immaterial if the defendant has been found guilty at trial. **See Commonwealth v. Sanchez**, 82 A.3d 943, 984 (Pa. 2013) (holding, "once a defendant has gone to trial and has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial" (citation omitted)). We held in our prior memorandum that because Appellant had been found guilty after a jury trial, any alleged errors occurring at his preliminary hearing were immaterial. **See id.**

On February 1, 2019, we filed our memorandum decision affirming the judgment of sentence below and granting Attorney Foltz's petition to withdraw. Subsequently, on February 4, 2019, Attorney Brown entered his appearance, and then he filed the motion for panel reconsideration raising the sole legality-of-sentence claim. **See Commonwealth v. Ausberry**, 891 A.2d 752, 754 (Pa. Super. 2006) (stating, a "defendant or the Commonwealth may appeal as of right the legality of the sentence." (citation omitted)). On March 20, 2019, this Court granted Attorney Brown's motion

for panel reconsideration limited to that issue and withdrew its prior February 1, 2019 memorandum decision.[5]

On appeal, Appellant initially argues that the 1994 version of the burglary statute is substantially different than the current version. Appellant's Brief at 9-10. He asserts that the "1994 version of the burglary statute did **not** require that the property be adapted for overnight accommodations and a person must be present." *Id.* at 11 (emphasis added). Appellant also contends that the intent of the 1994 burglary statute was to criminalize the illegal entry of commercial buildings. *Id.* at 11.

Appellant claims that the intent of the current burglary statute, in contrast, was to criminalize unauthorized entry into places adapted for overnight accommodation and where a person was present. *Id.* In Appellant's view, given the commercial focus of the 1994 burglary statute and the residential focus of the current burglary statute, the Commonwealth failed to establish that the current burglary statute was identical to the 1994 burglary statute. *Id.* at 12. In sum, Appellant argues that because his 1994

_____

[5] Because we withdrew our prior memorandum decision, we reiterated our prior holdings. *Cf. Levy. v. Senate of Pa.*, 94 A.3d 436, 438 n.4 (Pa. Cmwlth. 2014) (noting Court had previously filed an opinion, granted a petition for reconsideration, withdrew the prior opinion, ordered supplemental briefs limited to a particular issue, and the Court's current opinion addressed both the new issue "as well as the issues previously addressed in our withdrawn opinion.").

burglary conviction was not a crime of violence, the trial court erred by imposing a mandatory minimum sentence. *Id.* at 8.

The Commonwealth argues that under the grading statute in effect in 1994, "first degree burglary and not second degree burglary was a crime of violence." Commonwealth's Brief at 10.[6] The Commonwealth asserts that in 1994, first degree burglary included burglary of a structure adapted for overnight accommodation and an individual is present. *Id.* at 11. The Commonwealth concludes that the trial court properly found that Appellant was convicted of a burglary while a person was present, and the trial court therefore found Appellant's 1994 burglary was a felony one burglary and a crime of violence. *Id.* As we explain below, the Commonwealth's argument contradicts our Supreme Court's holding in ***Commonwealth v. Northrip***, 985 A.2d 734, 738 (Pa. 2009), and this Court's reasoning in ***Commonwealth v. Spenny***, 128 A.3d 234 (Pa. Super. 2015).

The standard of review follows:

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our

---

[6] We note that the Commonwealth's brief quoted from the affidavit of probable cause for Appellant's 1994 burglary, which states that a person was present. Commonwealth's Brief at 5 n.1 (quoting Aff. of Probable Cause, 6/9/94).

standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Hodges*, 193 A.3d 428, 433 (Pa. Super. 2018) (citation omitted), *appeal denied*, 202 A.3d 40 (Pa. 2019).

In interpreting a statute, we adhere to the following:

Under the Statutory Construction Act of 1972, our paramount interpretative task is to give effect to the intent of our General Assembly in enacting the particular legislation under review. We are mindful that the object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly and the best indication of the legislature's intent is the plain language of the statute. When the words of a statute are clear and unambiguous, we may not go beyond the plain meaning of the language of the statute under the pretext of pursuing its spirit. However, only when the words of the statute are ambiguous should a reviewing court seek to ascertain the intent of the General Assembly through considerations of the various factors found in Section 1921(c) of the Statutory Construction Act, 1 Pa. C.S. § 1921(c).

*Commonwealth v. Grayson*, 212 A.3d 1047, 1051 (Pa. Super. 2019) (citation omitted). We set forth the relevant statutes below.

## The Current Mandatory Minimum Sentence Statute

Section 9714 currently provides for mandatory minimum sentences for any person convicted of a second or subsequent crime of violence:

**(a) Mandatory sentence.—**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a **crime of violence**, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. . . .

- 12 -

\*   \*   \*

**(d) Proof at sentencing.—**Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. . . .

\*   \*   \*

**(g) Definition.—**As used in this section, the term "crime of violence" means . . . burglary as defined in **18 Pa.C.S. § 3502(a)(1)** (relating to burglary)[7] . . . or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

42 Pa.C.S. § 9714(a)(1), (d), (g) (emphases added); **see also**

**Commonwealth v. Bragg**, 133 A.3d 328, 333 (Pa. Super. 2016)

(reiterating that Section 9714 is not unconstitutional under **Alleyne v.**

---

[7] In 1994, the mandatory minimum statute defined "crime of violence" as including "burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present." **See** 42 Pa.C.S. § 9714(g) (1994 version). We discuss the 1994 version of Section 9714 below.

*United States*, 570 U.S. 99 (2013), because Section 9714 provides for mandatory minimum sentences based on findings of prior convictions).

**The 1994 Statutory Definition of Burglary**

At the time of Appellant's 1994 conviction for burglary, the burglary statute stated as follows:

**(a) Offense defined.—**A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

\*     \*     \*

**(c) Grading.—**

(1) Except as provided in paragraph (2), burglary is a felony of the first degree.

(2) If the building, structure or portion entered is not adapted for overnight accommodation and if no individual is present at the time of entry, burglary is a felony of the second degree.

18 Pa.C.S. § 3502 (subsequently amended in 2012, 2013, and 2016).

**The Current Statutory Definition of Burglary**

The current mandatory minimum statute defines "crime of violence" as including burglary, as defined by 18 Pa.C.S. § 3502(a)(1):

**(a) Offense defined.—**A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

(1)(i) enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present and the person commits, attempts or threatens to commit a bodily injury crime therein;

- 14 -

(ii) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present;

(2) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present;

(3) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense any person is present; or

(4) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present.

\* \* \*

**(c) Grading.—**

(1) Except as provided in paragraph (2), burglary is a felony of the first degree.

(2) As follows:

(i) Except under subparagraph (ii), an offense under subsection (a)(4) is a felony of the second degree.

18 Pa.C.S. § 3502(a), (c) (current version). This current version of the burglary statute was not in effect at the time of Appellant's 1994 conviction.

## Comparison of Elements of 1994 Burglary Statute to Current Burglary Statute

In 1994, a "person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with

- 15 -

intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 Pa.C.S. § 3502(a) (1994 version).[8] The 1994 statute does **not** include a requirement that a building be adapted for overnight accommodations or that a person be present.

The current burglary statute includes two additional elements. First, that the building be adapted for overnight accommodations. **Id.** (current version). Second, that a person be present. **Id.**

Although the requirements for culpability differ, both statutes criminalize entry of a building with an intent to commit a crime therein, which has been recognized as posing a threat of violence to any persons within. **See Northrip**, 985 A.2d at 738. But in 1994, the Commonwealth was not required to prove that a person was present or that the building was adapted for overnight accommodations. **See** 18 Pa.C.S. § 3502(a) (1994 version). With respect to the underlying policy considerations, we have not discerned any basis for Pennsylvania's decision to add two additional elements.

---

[8] As set forth above, in 1994, burglary was graded as a felony of the first degree unless the building at issue was not adapted for overnight accommodation and no individual was present. **See** 18 Pa.C.S. § 3502(c)(1)-(2) (1994 version). As we explain below, the trial court may consider the grading of the prior burglary conviction only if it correctly concludes that the elements of the prior burglary statute are identical to the elements of the current burglary statute. **See Spenny**, 128 A.3d at 250.

## **Interpretation of the Mandatory Minimum Statute**

In 2009, the **Northrip** Court addressed whether a prior conviction for arson in the third-degree in New York was equivalent to the Pennsylvania crime of arson endangering persons. **Northrip**, 985 A.2d at 735-36. Initially, we recognize that the **Northrip** Court construed the mandatory minimum statute that existed in 2009, which was amended in 2012. Based on the then-existing statutory language, the **Northrip** Court held that "in determining whether offenses are equivalent for purposes of applying Section 9714, the court must consider the elements underlying the two statutes, as well as the classification of the crimes, their definitions, and their requirements." **Id.** at 739.

The **Northrip** Court instructed as follows:

A sentencing court must carefully review the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability. Accordingly, the court may want to discern whether the crime is *malum in se* or *malum prohibitum*, or whether the crime is inchoate or specific. If it is a specific crime, the court may look to the subject matter sought to be protected by the statute, *e.g.*, protection of the person or protection of the property. It will also be necessary to examine the definition of the conduct or activity proscribed. In doing so, the court should identify the requisite elements of the crime—the *actus reus* and *mens rea*—which form the basis of liability.

Having identified these elements of the foreign offense, the court should next turn its attention to the Pennsylvania Crimes Code for the purpose of determining the equivalent Pennsylvania offense. An equivalent offense is that which is substantially identical in nature and definition to the out-of-state or federal offense when compared to the Pennsylvania offense.

*Northrip*, 985 A.2d at 738 (some formatting altered and citation omitted).

In reaching its holding, the *Northrip* Court pointed out that the mandatory minimum statute specified a particular statutory subsection of arson. *Id.* at 741. The *Northrip* Court noted that the mandatory minimum statute also specified other crimes similarly, "listing either a single type of crime or a specific subsection or subsections of particular crimes, most of which are first-degree felonies." *Id.*

The *Northrip* Court found significant "the fact that with respect to burglary, Section 9714 does not set out a statutory subsection at all. Instead, it explicitly directs the sentencing court to apply a fact-based test for determining whether the prior conviction is a crime of violence." *Id.* "This very specific and deliberate method of defining crimes of violence in Section 9714 demonstrates the Legislature's clear intent that with respect to all crimes except burglary, the focus is on the crime for which the defendant was convicted, not the factual scenario underlying that crime."[9] *Id.*

_____

[9] We acknowledge that in *Commonwealth v. Samuel*, 961 A.2d 57 (Pa. 2008), our Supreme Court construed the pre-2012 version of Section 9714(g), which had defined "crime of violence" as including "burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present . . . ." *Samuel*, 961 A.2d at 61 (quoting the then-existing version of Section 9714(g)). Based on that version, the *Samuel* Court held that a sentencing court should determine "whether a defendant has been convicted of burglary 'of a structure adapted for overnight accommodation in which at the time of the offense any person is present . . . .'" *Id.* at 65.

*(Footnote Continued Next Page)*

In sum, the **Northrip** Court held that the sentencing court's analysis should **only** focus on the statutory elements of the underlying crimes in question. **Id.** at 738. The sentencing court must compare the elements of the prior offense against the Pennsylvania Crimes Code for an equivalent offense or, as in the instant case, against the current version of the burglary statute.[10] **Id.**

---

*(Footnote Continued)* ————————————

Subsequently, in 2012, the Legislature amended the mandatory minimum sentence statute to **eliminate** the sole fact-based test for burglary. **See** 42 Pa.C.S. § 9714 (defining "crime of violence" as including "burglary as defined in 18 Pa.C.S. § 3502(a)(1) (relating to burglary)"); **Spenny**, 128 A.3d at 249-50 (holding, "by amending section 9714(g) to remove any factual analysis of the prior, out-of-state conviction," it appears that "the Legislature did so with the intent of adopting the Supreme Court's **strict-elements** interpretation" (emphasis added)). Therefore, the **Samuel** Court did not construe the current version of Section 9714 or overrule the "strict-elements" interpretation announced by the **Northrip** Court.

[10] The **Spenny** Court observed,

> [t]o decide otherwise would not only run contrary to the above-cited case law, but could also implicate due process concerns. In some cases, courts in this Commonwealth would be serving as factfinder on the prior offense . . . . For [example, for] a Pennsylvania court to grade the prior conviction as an aggravated assault (a felony in Pennsylvania, see 18 Pa.C.S.A. § 2702(b)) instead of simple assault (a Pennsylvania misdemeanor, see 18 Pa.C.S.S. § 2701(b)) based upon the [factual] details of the underlying offense as contained in the other state's record would be akin to resentencing the defendant without any of his or her constitutionally guaranteed protections.

**Spenny**, 128 A.3d at 250 n.13.

Recently, this Court applied the ***Northrip*** test to determine whether corruption of a minor, as defined by Pennsylvania law in June 2010, was equivalent to the definition of the offense after the Legislature amended the law in October 2010. ***See Commonwealth v. Sampolski***, 89 A.3d 1287, 1289 (Pa. Super. 2014). In ***Sampolski***, in June 2010, the defendant pled guilty to corruption of a minor, ***id.*** at 1287-88, which was then defined as follows:

> Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S. § 6301(a)(1) (June 2010 version). Under the version of Megan's Law that was in effect in June 2010, the defendant did not have to register as a sex offender. ***Id.***

In October 2010, our Legislature amended the corruption of a minor statute as follows:

> **(a) Offense defined.—**
>
> (1) (i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.
>
> (ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to

sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S. § 6301(a) (October 2010 version).

In December 2012, our Legislature replaced Megan's Law with SORNA, which identified various offenses that required registration as a sex offender. *Sampolski*, 89 A.3d at 1288. In relevant part, that version of SORNA did not require a defendant convicted of Section 6301(a)(1)(i) (October 2010 version) to register as a sex offender. *Id.* However, a defendant convicted of Section 6301(a)(1)(ii) (October 2010 version), a felony of the third degree and Tier 1 offense, was required to register under SORNA. *Id.* That version of SORNA also provided that a "similar offense . . . under a former law of this Commonwealth" was a Tier I offense that required registration. *Id.* (citation omitted).

In *Sampolski*, the Commonwealth notified the defendant that he would have to register as a sex offender under SORNA, and the defendant responded by filing a petition to enjoin registration. *Id.* The trial court ruled in favor of the defendant, and the Commonwealth appealed. *Id.*

On appeal to the *Sampolski* Court, the Commonwealth argued that because the defendant pled guilty in June 2010 "to corruption of minors for a sexual offense, his crime was" equivalent to Section 6301(a)(1)(ii) (October 2010 version), a registerable offense under SORNA. *Id.* at 1289. In other

words, the Commonwealth argued that "the crime to which [the defendant pled] guilty in June 2010 is a 'former law of this Commonwealth'" qualifying as a Tier I offense under SORNA. *Id.*

In resolving the issue, the *Sampolski* Court held that the *Northrip* analysis governs the question of whether the June 2010 version of corruption of a minor is equivalent or similar to the October 2010 version of corruption of a minor (specifically the sexual offense subsection). *Id.* The *Sampolski* Court agreed with the trial court that the elements of the June 2010 version of corruption of a minor are not equivalent to the elements of the October 2010 version of corruption of a minor, specifically Section 6301(a)(1)(ii). *Id.* The *Sampolski* Court held that the elements of the June 2010 version required a single action involving the commission of any crime, whereas the elements of the October 2010 version required a course of conduct involving a sexual offense. *Id.* The *Sampolski* Court concluded that because the elements of the former and present statutes are different, the trial court correctly held that the defendant did not have to register under SORNA. *Id.* at 1290.

For the reasons stated herein, we conclude that the *Northrip* and *Sampolski* Courts' analyses apply to the instant case in determining whether a 1994 burglary has "an equivalent offense," *i.e.*, an offense "substantially identical in nature and definition" under the current Crimes Code to burglary as defined in 1994. *See* 42 Pa.C.S. § 9714; *Northrip*, 985

A.2d at 738; *Sampolski*, 89 A.3d at 1289. The *Northrip* Court emphatically rejected an approach in which the sentencing "court must in every instance consider the **actual facts** underlying a defendant's prior out-of-state conviction."[11] *Northrip*, 985 A.2d at 740 (emphasis added). Similarly, the *Sampolski* Court focused solely on the elements of the former and present offenses. *See Sampolski*, 89 A.3d at 1289.

### Whether Appellant's 1994 Burglary is a Crime of Violence

In *Sampolski*, the Court reiterated the *Northrip* analysis and mandated that a sentencing court must identify the elements of the prior offense, *i.e.*, the 1994 burglary conviction, and determine whether a Pennsylvania equivalent exists, *e.g.*, whether 1994 burglary is equivalent to Section 3502(a)(1) burglary as defined currently. *See* 42 Pa.C.S. § 9714(g)

---

[11] The *Spenny* Court approvingly quoted from the concurring opinion authored by now Chief Justice Saylor, who joined the *Northrip* majority:

> On the other hand, various complexities attend the administration of an enhancement scheme accounting for specific factual elements, including: provision for the determination of particular facts in a system employing general verdicts; and the involvement of constitutional issues connected with sentencing enhancements, such as those arising under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). In the face of such complexities, and consistent with the application of judicial restraint in defining the scope of criminal liability, I continue to support the notion that "equivalent crimes" are to be evaluated at an elemental level, absent more specific direction from the Legislature.

*Spenny*, 128 A.3d at 249 (citation omitted).

(defining "crime of violence" as including Section 3502(a)(1) burglary or an equivalent crime under Pennsylvania law at the time that crime was committed); **Northrip**, 985 A.2d at 738; **Sampolski**, 89 A.3d at 1289. The sentencing court must also consider the "classification of the crimes, their definitions, and their requirements."[12] **Northrip**, 985 A.2d at 739. In determining whether the elements are identical, the grading of the offense "is irrelevant" "[s]ince the fundamental inquiry is to the elements of the offense." **Spenny**, 128 A.3d at 246 (emphasis and citation omitted); **see also** 18 Pa.C.S. § 103 (defining "element of an offense"); **Commonwealth v. Coleman**, 433 A.2d 36, 39 (Pa. Super. 1981) (holding that when a criminal statute is divided into definition and grading sections, the grading of the offense is not considered a substantive element of the crime).[13]

In 1994, burglary occurred when a person enters "a building or occupied structure, or separately secured or occupied portion thereof, with

---

[12] By classification, our Supreme Court was not referring to grading, but "whether the crime is *malum in se* or *malum prohibitum*, or whether the crime is inchoate or specific." **Northrip**, 985 A.2d at 738 (citation omitted); **see also Spenny**, 128 A.3d at 246.

[13] It is only after the trial court concludes that the elements of the prior and current Pennsylvania offense are equivalent that the trial court may consider the underlying facts for grading purposes. **See Spenny**, 128 A.3d at 250 (stating, "[o]nce the court conducts an analysis of the elements of the foreign offense and finds the Pennsylvania offense that is substantially identical in nature and definition to the out-of-state statute, . . . the underlying record of the foreign offense may need to be considered for grading purposes." (quotation marks and citation omitted)).

intent to commit a crime therein." *See* 18 Pa.C.S. § 3502(a) (1994 version). Therefore, at the time of Appellant's 1994 burglary conviction, Section 3502(a)(1) did **not** require a building adapted for overnight accommodations or a person to be present as one of the elements. *See* 18 Pa.C.S. § 3502 (1994 version); ***Commonwealth v. Ausberry***, 891 A.2d 752, 754, 756 (Pa. Super. 2006) (noting that under former Section 3502(a) and (c), as in effect in 1997, grading of burglary as first-degree felony could include (1) a structure adapted for overnight accommodation **and no** individual is present; (2) a structure **not** adapted for overnight accommodation **and** an individual is present; or (3) a structure adapted for overnight accommodation **and** an individual is present).

The current statutory definition of Section 3502(a)(1) burglary adds two elements: (1) a building adapted for overnight accommodations, and (2) a person must be present. *See* 18 Pa.C.S. § 3502(a)(1) (current version). Neither statutory element is present in the 1994 version of Section 3502(a). *See* 18 Pa.C.S. § 3502(a) (1994 version).

Instantly, a review of the elements of former Section 3502(a) and current Section 3502(a)(1) compels the conclusion that they are not equivalent. Unlike the 1994 statutory definition of burglary, the current statutory definition of Section 3502(a)(1) burglary, which the mandatory minimum sentence statute defines as a "crime of violence," requires that a person be present at the time of the burglary. *See* 18 Pa.C.S. § 3502(a)(1).

Therefore, Section 3502(a)(1) burglary is defined more narrowly than it was in 1994. Conversely, in 1994, Section 3502(a) burglary was defined more broadly and did not include the element that a person be present.

The Commonwealth, however, has urged this Court to recognize, for the first time on appeal, the affidavit of probable cause for Appellant's 1994 burglary, which states that a person **was** present. *See* Commonwealth's Brief at 5 n.1. *Northrip* and *Sampolsk*, however, instruct that the sentencing court must not "focus . . . on the facts underlying a conviction, but rather on the statute that triggered the conviction." *See Northrip*, 985 A.2d at 741; *Sampolski*, 89 A.3d at 1289. Therefore, neither the sentencing court nor this Court may review the facts underlying Appellant's 1994 burglary. *See id.*; *Spenny*, 128 A.3d at 249 (acknowledging "various complexities" should a trial court be permitted to consider the facts underlying a prior offense before imposing a mandatory minimum sentence); *Sampolski*, 89 A.3d at 1289.

As noted above, the Commonwealth asks this Court to recognize that in 1994, first degree felony burglary was a crime of violence. The Commonwealth reasons that felony one burglary includes burglary of a structure with a person present. The Commonwealth argues that because the instant trial court found Appellant's 1994 burglary was a felony one burglary, Appellant's 1994 burglary conviction constituted a crime of violence. Contrary to the Commonwealth's position, the grading of

Appellant's 1994 burglary conviction is irrelevant because the 1994 burglary and current burglary statutes are not identical. *See Spenny*, 128 A.3d at 246; *see also Coleman*, 433 A.2d at 39.

In sum, the current Section 3502(a)(1) includes an element—person is present—that is not in the 1994 version of Section 3502(a), we are constrained to hold that burglary (as defined by former Section 3502(a)) is not equivalent to burglary (as defined by current Section 3502(a)(1)). *See id.* *Compare* 18 Pa.C.S. § 3502(a)(1), *with* 18 Pa.C.S. § 3502(a) (1994 version). Therefore, the Commonwealth failed to establish that Appellant's 1994 burglary conviction was a crime of violence as defined by the current mandatory minimum statute. *See* 42 Pa.C.S. § 9714(g). We therefore affirm the convictions, vacate the judgment of sentence, grant Attorney Foltz's petition to withdraw, and remand for resentencing because Appellant's 1994 burglary conviction is not a crime of violence.[14]

Judgment of sentence vacated. Attorney Foltz's petition to withdraw granted. Case remanded for resentencing. Jurisdiction relinquished.

---

[14] As we noted above, the Commonwealth presented evidence of the 1994 information to this Court for the first time on appeal. Because the 1994 information was not part of the trial court's record, we cannot consider it on appeal. *See* Pa.R.A.P. 1921. In any event, as our caselaw requires, the facts set forth in the 1994 information are not relevant because the 1994 and current burglary statutes are not identical as to their elements.

President Judge Emeritus Bender joins the opinion.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/20