J-S33009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　　　　:　　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
ERIC RAYMOND GEORGE　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Appellant　　　　　　　　:　　No. 1500 WDA 2022

Appeal from the Judgment of Sentence Entered November 29, 2022
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000760-2021

BEFORE: BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:　　　　　**FILED: December 29, 2023**

Appellant, Eric Raymond George, appeals from the aggregate judgment of sentence of 25 to 50 years' incarceration, imposed after a jury convicted him of third-degree murder, aggravated assault, and strangulation. On appeal, Appellant challenges the legality of the court's imposition of a mandatory-minimum term of 25 years' imprisonment for his murder conviction, pursuant to the "Three Strikes Law" of 42 Pa.C.S. § 9714(a)(2). After careful review, we vacate Appellant's sentence and remand for resentencing.

The facts of Appellant's underlying convictions are not pertinent to our disposition of his appeal. We only note that a jury convicted him of the above-stated offenses based on evidence that Appellant strangled his wife to death.

---

[*] Former Justice specially assigned to the Superior Court.

At Appellant's sentencing hearing on November 29, 2022, the court imposed a 25-year, mandatory-minimum term of incarceration for Appellant's murder conviction based on prior convictions Appellant had in Wisconsin for felony sexual assault and robbery. The court imposed a concurrent term of 5 to 10 years' incarceration for Appellant's strangulation conviction, and his aggravated assault conviction merged for sentencing purposes. Thus, Appellant's aggregate term of incarceration is 25 to 50 years.

Appellant filed a timely notice of appeal, and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its responsive Rule 1925(a) opinion on April 5, 2023. Herein, Appellant states two issues for our review:

1. Whether the trial [c]ourt erred in determining the Wisconsin robbery statute, [section] 943.32[,] is substantially similar to Pennsylvania's [r]obbery statute, 18 Pa.C.S.[] [§] 3701?

2. Whether the trial [c]ourt erred in using a [r]obbery conviction from the state of Wisconsin as a predicate offense for purposes of applying a mandatory sentence pursuant to 42 Pa.C.S.[] [§] 9714?

Appellant's Brief at 5.

Appellant's arguments are related and will be addressed together. Essentially, Appellant contends that the court erred by considering his Wisconsin robbery conviction as equivalent to a robbery in Pennsylvania that amounts to a crime of violence, thus triggering a "third strike" mandatory-minimum sentence under section 9714(a)(2). As this claim implicates the legality of sentencing, "our standard of review is *de novo* and the scope of our

review is plenary." ***Commonwealth v. Northrip***, 985 A.2d 734, 736 (Pa. 2009).

Section 9714 currently provides, in pertinent part:

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more … crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

42 Pa.C.S. § 9714(a)(2).

As applicable to the present case, the term "crime of violence" includes "robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), … or an equivalent crime in another jurisdiction." 42 Pa.C.S. § 9714(g). Those subsections of section 3701 state:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree[.]

18 Pa.C.S. § 3701(a)(1)(i)-(iii). The following types of robbery are ***not*** crimes of violence under section 9714(g):

> (1) A person is guilty of robbery if, in the course of committing a theft, he:

> \*\*\*

>> (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

>> (v) physically takes or removes property from the person of another by force however slight[.]

18 Pa.C.S. § 3701(a)(iv), (v).

Instantly, the court concluded that Appellant's conviction for robbery in Wisconsin in 1995 was an 'equivalent crime' to robbery in Pennsylvania under section 3701(1)(ii), thus constituting his 'second strike' under section 9714(a)(2). **See** Trial Court Opinion (TCO), 4/5/23, at 8 (unnumbered).[1] At the time of Appellant's Wisconsin conviction, the offense of robbery for which he was convicted was defined as follows:

> (1) Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means is guilty of a Class C felony:

>> (a) By using force against the person of the owner with intent thereby to overcome his or her physical resistance or physical power of resistance to the taking or carrying away of the property[.]

---

[1] The court considered Appellant's current murder conviction as his "third strike" after deeming his "two[,] felony sexual assault convictions in … Wisconsin" as his first crime of violence, and his Wisconsin conviction for robbery as his second crime of violence. TCO at 7 (unnumbered). Regarding his sexual assault convictions, the court found that they "did not arise from 'separate criminal transactions'" and, therefore, it "treated the two sexual assault convictions as one conviction of a 'crime of violence' for the purpose of sentencing under Pennsylvania's 'Three Strikes Law.'" **Id.** We discern no error in the court's decision.

Wis. Stat. Ann. § 943.32.[2]

Our Supreme Court has directed that, in determining whether offenses are equivalent for purposes of applying section 9714, "the court must consider **the elements** of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability." **Northrip**, 985 A.2d at 740 (emphasis added; citation and internal quotation marks omitted). Notably, "[t]he **Northrip** Court emphatically rejected an approach in which the sentencing 'court must in every instance consider the **actual facts** underlying a defendant's prior out-of-state conviction.'" **Commonwealth v. Lites**, 234 A.3d 806, 818 (Pa. Super. 2020) (quoting **Northrip**, 985 A.2d at 740 (emphasis added in **Lites**) (footnote omitted)). Since **Northrip**, this Court has applied the elements approach to assessing whether a prior version of a Pennsylvania offense, or a foreign offense, constitutes an 'equivalent crime' to any current Pennsylvania offense listed in section 9714(g). **See, e.g.**, **Lites**, 234 A.3d at 819; **Commonwealth v. Spenny**, 128 A.3d 234, 250 (Pa. Super. 2015); **Commonwealth v. Sampolski**, 89 A.3d 1287, 1289 (Pa. Super. 2014).

---

[2] We mention that Appellant incorrectly states that he was "convicted of robbery, a Class E felony…." Appellant's Brief at 9. However, in 1995, the grading of an offense under section 943.32(1)(a) was a Class C felony. It was not until 2001 that the grading of an offense under that section was amended from a Class C to a Class E felony. The documents attached to the Commonwealth's sentencing memorandum support that Appellant's robbery offense was graded as a Class C felony. **See** Commonwealth's Sentencing Memorandum, 10/5/22, at Exhibit 3 (Appellant's plea/sentencing document indicating his section 943.32(1)(a) offense was a Class C felony).

Indeed, in **Lites**, we explicitly rejected the Commonwealth's request that we assess the facts set forth in the affidavit of probable cause and deem Lites' conviction under the former burglary statute as a crime of violence under section 9714(g). **See Lites**, 234 A.3d at 819 ("The Commonwealth … has urged this Court to recognize, for the first time on appeal, the affidavit of probable cause for [Lites'] 1994 burglary, which states that a person was present."). In declining to do so, we stressed that "**Northrip and Sampolsk[i]** … instruct that the sentencing court must not focus … on the facts underlying a conviction, but rather on the statute that triggered the conviction." **Id.** (citing **Northrip**, 985 A.2d at 741; **Sampolski**, 89 A.3d at 1289). We declared that, "[t]herefore, neither the sentencing court nor this Court may review the facts underlying [Lites'] 1994 burglary." **Id.** (citing, *inter alia*, **Commonwealth v. Spenny**, 128 A.3d 234, 249 (Pa. Super. 2015) (acknowledging the "various complexities" that could arise should a trial court be permitted to consider the facts underlying a prior offense before imposing a mandatory-minimum sentence) (quoting **Northrip**, 985 A.2d at 744-45 (Saylor, J., concurring)).

Presently, in comparing the elements of the Wisconsin robbery statute under which Appellant was convicted, and Pennsylvania's robbery offenses that constitute 'crimes of violence,' we conclude that they are not equivalent crimes, as the Commonwealth cursorily contends. **See** Commonwealth's Brief at 16 ("The Wisconsin statute requires the use of force against the person with intent to overcome his or her physical resistance in order to take or carry away

the person's property. Pennsylvania law requires the commission of theft and one of the following: (1) serious bodily injury, (2) intentionally placing another person in fear of immediate serious bodily injury, or (3) 'commits or threatens to commit a felony of the first or second degree.' As such, Wisconsin law requires both the use of force and theft.") (internal citations omitted).

To the contrary, as Appellant argues, they are distinct in that the Wisconsin robbery statute "does not refer to the commission of, or threat of, 'serious bodily injury' as required under the relevant subsection of the Pennsylvania robbery statute, [section] 3701(a)(1)(ii)." Appellant's Brief at 18. As Appellant observes, the Pennsylvania Crimes Code defines serious bodily injury as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. The Wisconsin robbery statute under which Appellant was convicted does not require serious bodily injury; instead, it only requires the use of "force" with the "intent … to overcome his or her physical resistance or physical power of resistance to the taking or carrying away of the property[.]" Wis. Stat. Ann. § 943.32(1)(a).

While the Wisconsin statute does not define "force," the Wisconsin Supreme Court has interpreted that term, as used in section 943.32(1)(1), as **not** requiring evidence of physical violence. **See Whitaker v. State**, 265 N.W.2d 575, 579-80 (Wis. 1978). In **Whitaker**, the Court found that the defendant's snatching a purse out of the victim's arms, without touching her,

was sufficient to constitute a forcible taking as required for robbery under section 943.32(a)(1). Notably, this Court has declared that,

> [t]he Pennsylvania robbery crimes of violence are intended to protect against serious bodily harm, not merely bodily harm, as evidenced by our legislature's decision not to include 18 Pa.C.S. § 3701(a)(iv) as a crime of violence. That provision states that a person commits robbery if he "inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury[.]" 18 Pa.C.S. § 3701(a)(iv). ***Purse snatching, without more, would satisfy Section 3701(a)(iv), but does not necessarily threaten or cause serious bodily injury.***

*Commonwealth v. Greene*, 25 A.3d 359, 365 (Pa. Super. 2011) (emphasis added).

Given our assessment of the elements of the Wisconsin robbery statute and the robbery offenses in Pennsylvania that constitute 'crimes of violence,' it is clear that the Wisconsin statute covers a broader array of criminal conduct. The Pennsylvania robbery provisions that constitute crimes of violence are intended to protect against serious bodily injury or the threat of serious bodily injury. In contrast, the offense of robbery in Wisconsin for which Appellant was convicted did not require any physical violence or threat thereof. Rather, the relevant Wisconsin law protects against less serious criminal behavior. Thus, Appellant's Wisconsin offense is not equivalent to any Pennsylvania robbery offense that constitutes crimes of violence.

In reaching the opposite conclusion, the trial court relied on the facts of Appellant's robbery offense, stressing that "[t]he victim in the robbery was placed in a chokehold." TCO at 8 (unnumbered). The court found that

Appellant "placed the victim in fear of immediate serious bodily injury when he placed the victim in a chokehold during the robbery" and, thus, that crime was equivalent to robbery under 18 Pa.C.S. § 3701(a)(1)(ii). The court did not appear to analyze the elements of the Wisconsin and Pennsylvania robbery statutes at all. In light of the above-discussed case law, it was error for the court to look to the facts of Appellant's crime, rather than assessing the elements of the at-issue statutes.

Consequently, we agree with Appellant that the court erred by imposing a mandatory minimum sentence under section 9714(a)(2) and, thus, we vacate his sentence for third-degree murder. Because our disposition upsets the court's overall sentencing scheme, we vacate Appellant's judgment of sentence as a whole, and remand for resentencing. ***See Commonwealth v. Thur***, 906 A.2d 552, 569-70 (Pa. Super. 2006) (stating that if our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge McCaffery joins this memorandum.

President Judge Emeritus Stevens files a concurring statement in which President Judge Emeritus Bender and Judge McCaffery join.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/29/2023